(No. 51101

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. DARLENE LINZY, Appellee.

*Opinion filed December 3, 1979.*

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (Donald B. Mackay and Melbourne A. Noel, Jr., Assistant Attorneys General, of Chicago, and Lee T. Hettinger, Michael E. Shabat, and J. Jonathan Regunberg, Assistant State's Attorneys, of counsel), for the People.

Marshall Weinberg, of Reilley, Bell & Weinberg, of Chicago, for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Defendant, Darlene Linzy, was indicted in the circuit court of Cook County for the murders of Linda Goodrom and Sharon Donaldson. Defendant filed a motion to quash the indictment because of alleged improper and prejudicial conduct of the prosecutor during the grand jury proceedings. The circuit court examined a transcript of the grand jury proceedings and dismissed the indictment. The appellate court affirmed (62 Ill. App. 3d 97), and we allowed the State's petition for leave to appeal (65 Ill. 2d R. 315).

Two issues are presented for review. First, whether the circuit court had authority to examine the transcript of the grand jury proceedings to determine the propriety of the prosecutor's conduct. Second, whether the circuit court properly dismissed defendant's indictment on the basis of the prosecutor's conduct evidenced in the grand jury transcript.

One of the two police officers who arrested defendant testified before the grand jury. The officer recounted that he examined the bodies of the victims, spoke to a pathologist concerning the causes of death, and arrested defendant. He also summarized a statement given by defendant in which defendant related the circumstances

leading to the shooting deaths of the victims. Defendant had gone to a tavern with a girl friend. One of the victims had thrown a lighted cigarette onto defendant's table while that victim was dancing. When the dance was over, defendant asked the victim why she had thrown the cigarette on the table, and the victim replied that since she did not burn defendant's clothing or get the cigarette into defendant's drink, defendant should "back off." Several words were exchanged. Approximately an hour after the first contact, defendant got up to leave. One of the victims approached her and offered to fight. The victim "slapped at" defendant. Defendant shot and killed that victim and the woman who was standing behind her.

The transcript of the grand jury proceedings shows that the following occurred after the police officer completed his testimony:

"MR. O'MALLEY [the prosecutor]: Thank you. I have no further questions. (Witness excused)

\* \* \*

THE FOREMAN: True bill.

THE FOREMAN: On that case I am not sure if I clarified on the record, I am proceeding on a true bill on two counts of murder.

A JUROR: There are no degrees for murder?

MR. O'MALLEY: No, they have reduced it to voluntary and involuntary, as you know.

A JUROR: Did the two women have records?

MR. O'MALLEY: No, they did not.

A JUROR: It could have been considered voluntary manslaughter?

MR. O'MALLEY: Not under those facts. While there might have been some hot word exchanged—

A JUROR: Slapping.

MR. O'MALLEY: Voluntary manslaughter you have to have sudden, intense pattern [sic] which is caused by serious provocation and under the facts of that case just a slap or hot words would not be considered serious provocation to justify shooting.

A JUROR: Thank you."

No further proceedings were held before the grand

jury. Thereafter, a two-count indictment charging defendant with murder was returned.

Defendant claims that the quoted colloquy between the prosecutor and the grand juror constitutes prosecutorial misconduct. Before reaching that question, however, we address the State's assertion that the trial court did not have authority to examine the transcript of the grand jury proceedings in order to assess the merit of defendant's contention. We cannot accept the State's argument.

This court has held that the grand jury is an integral part of the trial court and that the court, in its inherent supervisory power over the grand jury, has jurisdiction to order and examine transcripts of grand jury proceedings to determine if there has been prosecutorial misconduct (*People v. Sears* (1971), 49 Ill. 2d 14, 35-36; accord *Hughes v. Kiley* (1977), 67 Ill. 2d 261, 267). Under that analysis, the trial court here properly considered the record in evaluating defendant's claim of prosecutorial misconduct. Although it has been held that the trial court may not go beyond the record and conduct a hearing to receive testimony of grand jurors concerning charges of prosecutorial misconduct (*People ex rel. Sears v. Romiti* (1971), 50 Ill. 2d 51, 59), that principle does not bar the examination of the transcript of the grand jury proceedings.

We turn now to the question of whether the grand jury transcript revealed prosecutorial misconduct which requires the dismissal of defendant's indictment. The prosecutor presented evidence to the grand jury which showed that defendant and one of the victims exchanged angry words because that victim had thrown a lighted cigarette onto the table where defendant was sitting and that an hour later a victim offered to fight and "slapped at" defendant. Defendant then shot and killed both victims. In response to a grand juror's questions, the prosecutor stated that the facts before the grand jury would not support a charge of voluntary manslaughter

since a slap and hot words are insufficient provocation to arouse a sudden and intense passion.

The prosecutor's conduct does not require a dismissal of defendant's indictment. His response to the grand juror's questions was made in the exercise of the prosecutor's function as advisor to the grand jury (*People v. Sears* (1971), 49 Ill. 2d 14, 29; *Gitchell v. People* (1893), 146 Ill. 175, 187; ABA Standards, The Prosecution Function sec. 3.5 (1971)), and finds support in the cases. See *People v. Simpson* (1978), 74 Ill. 2d 497, 502-03 (verbal fight and scratches inflicted by shooting victim insufficient to require a voluntary manslaughter instruction since provocation not serious enough to incite a sudden and intense passion in a reasonable person); *People v. Pursley* (1922), 302 Ill. 62, 73 (attempt by victim to strike defendant with his fist not sufficient provocation to reduce homicide with a deadly weapon to manslaughter).

The prosecutor merely advised the grand jury as to the law applicable to the facts presented to the grand jury and in so doing was guilty of no misconduct which would require a dismissal of defendant's indictment. If sufficient evidence is presented at defendant's trial to support a voluntary manslaughter instruction, defendant will be entitled to such an instruction. *People v. Joyner* (1972), 50 Ill. 2d 302, 306.

Because the transcript reveals no prosecutorial misconduct, the appellate court erred in affirming the dismissal of defendant's indictment. The judgments of the appellate and circuit courts are reversed, and the cause is remanded to the circuit court for further proceedings.

*Reversed and remanded.*