THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CARL WILLIAMSON, Defendant-Appellant.

First District (3rd Division)   No. 83—2547

Opinion filed February 20, 1985.—Rehearing denied April 8, 1985.

James J. Doherty, Public Defender, of Chicago (Alison Edwards, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat and Kevin Sweeney, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE WHITE delivered the opinion of the court:

Defendant, Carl Williamson, was charged by indictment with murder and armed violence for the shooting death of Derwin Tines. Defendant was 16 years old at the time of the offense. Pursuant to section 2—7(6) of the Juvenile Court Act (Ill. Rev. Stat. 1983, ch. 37, par. 702—7(6)), defendant was prosecuted as an adult in a criminal proceeding. After a bench trial, defendant was found guilty of voluntary manslaughter and sentenced to four years' imprisonment. No questions are raised as to the sufficiency of the indictment.

On· appeal, defendant contends that section 2—7(6) permits unequal treatment of persons similarly situated, in that a youth charged with manslaughter may not be denied juvenile treatment unless a hearing is first held resulting in a finding by a juvenile court judge that it is not in the best interest of the minor or the public to proceed under the Juvenile Court Act. He contends, on the other hand, that under section 2—7(6), a youth charged with murder may be tried under the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 1—1 et seq.) and, if convicted only of manslaughter, may be sentenced as an adult with no such presumption of treatability as a juvenile and no hearing to determine whether he is amenable to rehabilitative juvenile treatment. Defendant asserts that section 2—7(6), in providing disparate sentencing of similarly situated juveniles, is viola-

tive of the equal protection clause of the United States Constitution. Section 2—7(6) (Ill. Rev. Stat. 1983, ch. 37, par. 702—7), in pertinent parts, provides:

> "(a) The definition of delinquent minor under Section 2—2 of this Act shall not apply to any minor who at the time of an offense was at least 15 years of age and who is charged with murder, rape, deviate sexual assault or armed robbery when the armed robbery was committed with a firearm. These charges and all other charges arising out of the same incident shall be prosecuted pursuant to the Criminal Code of 1961, as amended.
>
>     \*\*\*
>
> (c) If after trial or plea the minor is convicted of an offense not covered by paragraph (a) of subsection (6) of this Section, such conviction shall not invalidate the verdict or the prosecution of the minor under the criminal laws of this State. In sentencing the court shall have available any or all dispositions prescribed for that offense pursuant to Chapter V of the Unified Code of Corrections and Article 5 of the Juvenile Court Act."

The Illinois Supreme Court upheld the constitutionality of section 2—7(6) in *People v. J.S.* (1984), 103 Ill. 2d 395, 469 N.E.2d 1090, and found that the distinction drawn by the section between offenders based on age and the type of offense charged was not arbitrary and discriminatory and did not deprive defendants of procedural and substantive due process and equal protection of the laws. The court, citing *People v. Pardo* (1970), 47 Ill. 2d 420, 265 N.E.2d 656, noted that "[c]lassification by age is not a new concept and has been held to be a permissible distinction." (*People v. J.S.* (1984), 103 Ill. 2d 395, 403, 469 N.E.2d 1090.) The court further determined that the inclusion of murder, rape, deviate sexual assault and armed robbery with a firearm under the purview of the section to the exclusion of other Class X felonies is rationally based upon the violent nature of those crimes and the frequency of their commission. The court also held that section 2—7(6) does not deny offenders procedural due process, in that the section does not leave room for disparity in treatment between individuals within its proscription. All 15- and 16-year-olds who have committed the enumerated offenses are to be prosecuted in the adult criminal system.

The holding in *People v. J.S.* is not dispositive of all issues in the present case. In *People v. J.S.* the trial court dismissed the indictments against the defendants before trial because it found section 2—

7(6) unconstitutional. Consequently, the issue of the constitutionality of the sentencing provision of section 2—7(6) was neither raised by the defendants nor addressed by our supreme court. In the case at bar, defendant was tried on charges of murder and armed violence, convicted of voluntary manslaughter and sentenced to four years' imprisonment pursuant to the Illinois Criminal Code of 1961 and Unified Code of Corrections. Citing *Kent v. United States* (1966), 383 U.S. 541, 16 L. Ed. 2d 84, 86 S. Ct. 1045, defendant contends that section 2—7(6) is unconstitutional because it provides no procedural guidelines by which the court may determine whether to sentence the offender as an adult or as a juvenile.

In *Kent*, a District of Columbia statute provided that a juvenile 16 years of age or older charged with a felony or an offense which, if committed by an adult, is punishable by death or life imprisonment, could be tried as an adult if, after a full investigation, the juvenile court judge determined that juvenile court jurisdiction should be waived. The supreme court noted that the statute does not state standards to govern the juvenile court's decision as to waiver. However, the court opined that this did not confer upon the juvenile court a license for arbitrary procedure. The court concluded that the juvenile subject to transfer to criminal court jurisdiction is entitled to a hearing and to a statement of reasons for the juvenile court's decision.

Section 2—7(6) provides that in sentencing a minor charged with murder, rape, deviate sexual assault, or armed robbery when committed with a firearm, but convicted of a lesser included offense, the "court shall have available any or all dispositions prescribed for that offense pursuant to Chapter V of the Unified Code of Corrections and Article 5 of the Juvenile Court Act." The statute thus gives the judge discretion to sentence the minor as a juvenile under the Juvenile Court Act or as an adult under Illinois criminal law. We agree with defendant that such an important decision should not be left to the unfettered discretion of the judge. The judge must follow certain standards and guidelines in determining whether to sentence the minor as a juvenile or as an adult.

We find such standards in section 2—7(3)(a) of the Juvenile Court Act. (Ill. Rev. Stat. 1983, ch. 37, par. 702—7(3)(a).) The section pertains to waiver of juvenile court jurisdiction in the case of minors 13 years of age and older who commit acts which constitute crimes under the laws of Illinois. The section provides:

"(a) In making its determination on a motion to permit prosecution under the criminal laws, the court shall consider among

other matters: (1) whether there is sufficient evidence upon which a grand jury may be expected to return an indictment; (2) whether there is evidence that the alleged offense was committed in an aggressive and premeditated manner; (3) the age of the minor; (4) the previous history of the minor; (5) whether there are facilities particularly available to the Juvenile Court for the treatment and rehabilitation of the minor; and (6) whether the best interest of the minor and the security of the public may require that the minor continue in custody or under supervision for a period extending beyond his minority."

We believe that the enumerated standards apply also to section 2—7(6), limiting the trial court's discretion in sentencing juvenile offenders under that section.

■ We next determine whether the trial court abused its discretion in sentencing defendant as an adult. In doing so, we note that not all the factors in section 2—7(3)(a) need be present in an individual case, nor need all the relevant factors be resolved against the juvenile to justify sentencing the juvenile as an adult. (See *People v. Taylor* (1979), 76 Ill. 2d 289, 305, 391 N.E.2d 366.) Three of the matters which the statute requires the trial court to consider are clearly established by the record.

The first, whether there was sufficient evidence upon which a grand jury might be expected to return an indictment, is shown by the fact that defendant was actually convicted of voluntary manslaughter following trial.

The second factor is whether there was evidence that the offense was committed in an aggressive and premeditated manner. Although the offense did not involve premeditation, it was committed in an aggressive manner. The evidence shows that defendant shot Derwin Tines in the back as Derwin was running away from defendant.

The third factor is defendant's age at the time of the shooting. Defendant was 16½ years of age when he committed the offense, a scant six months from the upper age limit of juvenile court jurisdiction.

The fourth factor is the previous history of the minor. The presentence investigation report shows that defendant has no juvenile record, adult probation record or prison record.

As to the fifth factor to be considered, whether there are facilities particularly available to the juvenile court for the treatment and rehabilitation of the minor, the record is silent.

The sixth factor is whether the best interest of the minor and the security of the public required that the minor continue in custody or

under supervision for a period extending beyond his minority. We note that defendant was 17 years of age when sentenced to four years' imprisonment.

Upon review of the record, we are of the opinion that the trial judge did not abuse his discretion in sentencing defendant as an adult. However, in future cases involving section 2—7(6), the trial judge should make an express evaluation of the child in terms of the enumerated factors and "preserve a record sufficiently explicit so that his exercise of discretion may be reviewed meaningfully." *People v. Taylor* (1979), 76 Ill. 2d 289, 301, 391 N.E.2d 366.

■ Lastly, defendant maintains that the trial judge's remarks at the sentencing hearing that he had not heard from defendant at trial or at sentencing suggest "disapproval that defendant had chosen to remain silent." Defendant concludes that he received a greater sentence because he exercised his right to remain silent.

At the sentencing hearing the trial judge made the following remarks:

> "THE COURT: He did not testify at the trial, did he, your client?
>
> MR. ALLEN [defense counsel]: No, he did not.
>
> THE COURT: Proceed.
>
> * * *
>
> THE COURT: Mr. Williamson, you have heard what the lawyers have said to me. Is there anything you would like to say to the Court?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: Well, as you know, I have not heard from you at the trial, I have never heard from you. This is an offense involving the use of a gun, a man was shot down—a very young man was shot down on the street. One of the options the Court has is probation but I don't think it is appropriate. It would certainly deprecate the seriousness of this killing."

It is presumed that a trial judge who knows the law will not penalize a defendant because of his refusal to testify. (*People v. Cheung* (1980), 83 Ill. App. 3d 1048, 1055, 404 N.E.2d 558.) That presumption was not overcome by the judge's remarks at sentencing. The judge's remarks did not suggest "disapproval that defendant had chosen to remain silent." Rather, the remarks evidenced efforts by the trial judge to ascertain what evidence had been adduced at trial and to afford defendant the opportunity to present mitigating evidence. We conclude that defendant was not penalized for exercising his right to remain silent.

For the aforementioned reasons, the judgment of the circuit court is affirmed.

Affirmed.

McNAMARA and RIZZI, JJ., concur.