141 Ill. App.3d 1036 (1986)
490 N.E.2d 1361
In re D.T., a Minor (The People of the State of Illinois, Plaintiff-Appellee,
v.
D.T., Defendant-Appellant).
No. 84-1329.
Illinois Appellate Court  First District (1st Division).
Opinion filed March 17, 1986.
*1037 *1038 James J. Doherty, Public Defender, of Chicago (Eve Moran, Assistant Public Defender, of counsel), for appellant.
Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, Peter D. Fischer, and Gustavo Munoz, Assistant State's Attorneys, of counsel), for the People.
Judgment affirmed.
JUSTICE CAMPBELL delivered the opinion of the court:
Defendant, D.T., a minor, was charged by indictment with two counts of murder (Ill. Rev. Stat. 1983, ch. 38, par. 9-1) for the death of Andre Ike. Pursuant to section 2-7(6)(a) of the Juvenile Court Act (the Act) (Ill. Rev. Stat. 1983, ch. 37, par. 702-7(6)(a)), defendant was prosecuted as an adult in a criminal proceeding. Following a bench trial, defendant was found guilty of involuntary manslaughter (Ill. Rev. Stat. 1983, ch. 38, par. 9-3) and sentenced to 2 1/2 years in the Illinois Department of Corrections. On appeal, defendant contends that: (1) *1039 the State's wrongful procurement of a murder indictment and the trial court's subsequent affirmance of the indictment stripped him of his juvenile protections in violation of his due process rights; (2) section 2-7(6)(c) of the Act violates the constitutionally protected guarantees of due process and equal protection of the laws; (3) section 2-7(6)(c) of the Act violates the due process clause of the Illinois Constitution; and (4) the trial court erred in not applying the pre-adjudication transfer standards of section 2-7(3)(a) of the Act in determining whether to sentence defendant as a juvenile or as an adult. For the reasons that follow, we affirm the judgment of the trial court.
The following facts are undisputed by the parties. Approximately 11 p.m. on July 19, 1983, defendant and several of his friends were playing basketball and drinking beer near a friend's home in Chicago when Jimmy Williams, a member of the group, slapped defendant in the face. There is some dispute as to whether the slap was provoked by defendant. Immediately after Williams slapped defendant, Andre Ike joined the group and started to argue with defendant. Defendant hit Ike in the jaw with his fist, causing Ike to fall backward and to hit his head on the pavement. Defendant then fled the scene. Ike was taken to the hospital where he remained in a coma for approximately six days and then died from head injuries.
Defendant was apprehended prior to Ike's death, and charged in a juvenile petition with aggravated battery. When Ike died several days later, the State went before the grand jury to seek a murder indictment, which it obtained following a hearing.
Prior to trial, defendant moved to dismiss the indictment based upon prosecutorial misconduct during the grand jury proceeding. Specifically, defendant alleged that the State wrongfully referred to defendant's juvenile court background and misinformed the jurors as to the elements of murder. The court denied defendant's motion on the ground that there was no evidence of substantial prejudice to defendant at the grand jury proceeding.
Following testimony at trial, the court found that the facts did not support a charge for murder and found defendant guilty of involuntary manslaughter. Defendant then moved for disposition of the sentence under the Act rather than under the Illinois Criminal Code. The court denied the motion on the ground that there was a possibility that defendant could serve a longer term if incarcerated under the Act. Defendant's subsequent motion for a new trial was also denied, and he was sentenced to 2 1/2 years in the Illinois Department of Corrections, with credit given for the 10 months during which he had been in custody pending trial. Defendant's timely appeal followed.
*1040 Defendant first contends that the State wrongfully procured a murder indictment against him by disclosing evidence of other juvenile crimes to the grand jury and by misinforming the grand jury as to the legal standards for murder.
At the grand jury proceeding, Detective Edward Kevin of the Chicago police department testified as to the events surrounding the incident, including the facts that Ike had been unarmed when struck and knocked to the ground by defendant and that defendant had a "very muscular upper body." During the proceeding, the grand jury foreman queried the State as to why it was seeking a murder indictment when defendant had struck Ike with his hands. In response, the State explained:
"His acts, which were the cause of death of this man, were such as could reasonably be expected to cause death or great bodily harm to the victim. * * * I believe the evidence will show that [Ike] was standing there literally doing nothing, and he was more or less sucker-punched and fell to the ground, struck his head and that blow was what caused his death, and that could reasonably be anticipated to cause death or great bodily harm."
The State then continued to question Detective Kevin, asking him whether the police had checked into defendant's background. Specifically, the State referred to the fact that defendant had previously been sentenced by juvenile court to St. Charles for armed robbery and murder. Detective Kevin acknowledged that that was true. Following one additional question by the jury regarding the physical descriptions of the deceased and defendant, the jurors left to deliberate and returned with a true bill for two counts of murder.
Initially, defendant argues that the State's reference to his juvenile record breached the confidentiality provisions of section 2-10 of the Act, which enumerates the proceedings in which juvenile court records are admissible. Although grand jury proceedings are not specifically mentioned in section 2-10, we do not find that the trial court erred in denying defendant's motion to dismiss the indictment because of the State's reference to defendant's juvenile record.
 1-3 It is well established that grand jury proceedings are generally unrestrained by the technical, procedural, and evidentiary rules which govern the conduct of criminal trials. (United States v. Calandra (1974), 414 U.S. 338, 343, 38 L.Ed.2d 561, 568-69, 94 S.Ct. 613, 617.) The rationale behind the broad scope given to the grand jury is that the indictment is a formal charge, not a trial on the merits. Thus, the proceedings do not require the degree and quality of proof necessary for a conviction. (Costello v. United States (1956), 350 U.S. 359, *1041 100 L.Ed. 397, 76 S.Ct. 406; People v. Bragg (1984), 126 Ill. App.3d 826, 831, 467 N.E.2d 1004.) In addition, the validity of an indictment is not affected by the character of the evidence considered. As long as there is some evidence in support of the charges (People v. Rogers (1982), 92 Ill.2d 283, 442 N.E.2d 240), and the indictment is valid on its face, it is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence. (United States v. Calandra (1974), 414 U.S. 338, 344-45, 38 L.Ed.2d 561, 569, 94 S.Ct. 613, 618; People v. Creque (1978), 72 Ill.2d 515, 382 N.E.2d 793; People v. Rivera (1979), 72 Ill. App.3d 1027, 390 N.E.2d 1259.) Moreover, the court will not dismiss a charge based upon allegations of prosecutorial misconduct unless that conduct results in actual and substantial prejudice to defendant. People v. Barton (1984), 122 Ill. App.3d 1079, 462 N.E.2d 538.
 4 In the present case, defendant has neither alleged that the indictment is invalid on its face nor that all of the evidence introduced before the grand jury was inadequate. In fact, the testimony of Detective Kevin, the sole witness at the proceeding, was undisputed by defendant and, apparently, was found sufficient by the grand jury to support an indictment for murder. For these reasons, the court is precluded from inquiring into the competency or adequacy of the evidence as a whole. We further note that our supreme court has held that the protective confidentiality provisions of the Act do not amount to an absolute prohibition against disclosure of juvenile records. People v. Norwood (1973), 54 Ill.2d 253, 296 N.E.2d 852.
 5 Defendant further argues that the State wrongfully obtained its indictment by misinforming the grand jury as to the legal standards for murder. We disagree. Section 9-1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 9-1) defines the offense of murder, in pertinent part, as follows:
"(a) A person who kills an individual without lawful justification commits murder if, in performing the acts which cause the death:
(1) He either intends to kill or do great bodily harm to that individual or another, or knows that such acts will cause death to that individual or another; or
(2) He knows that such acts create a strong probability of death or great bodily harm to that individual or another; * * *."
In response to the query of one grand juror as to why the State was seeking an indictment for murder, the State explained that defendant's acts could "reasonably be expected to cause death or great bodily *1042 harm." We fail to see how this response misinformed the jury as to the elements of the offense. To the contrary, acting in his capacity as advisor to the grand jury, the State merely advised the grand jury as to the basis for its request for a murder indictment. (People v. Linzy (1979), 78 Ill.2d 106, 398 N.E.2d 1.) Although the State did not quote the statute verbatim, the substance of its response was accurate and did not present false or misleading evidence. People v. Bragg (1984), 126 Ill. App.3d 826, 467 N.E.2d 1004.
 6 Defendant further claims that the court denied his motion to dismiss the indictment on the ground that the State would simply reindict if the motion were granted. The record explicitly refutes this contention. The trial court stated that its reason for denying defendant's motion was that defendant had failed to demonstrate actual and substantial prejudice. We concur. Accordingly, we hold that the trial court properly denied defendant's motion to dismiss the indictment.
 7 Next, defendant contends that section 2-7(6)(c) of the Act violates his constitutional rights of due process and equal protection of the laws. Section 2-7(6)(a) of the Act provides that if a minor who is at least 15 years old is charged with either murder, aggravated criminal sexual assault or armed robbery with a firearm, he is automatically prosecuted as an adult pursuant to the Criminal Code of 1961. Section 2-7(6)(c) further provides that in the event the minor who has been charged with one of the aforementioned offenses is convicted of a different offense, the court at its discretion may sentence defendant as a juvenile under the Act or as an adult under Illinois criminal law. Defendant asserts that the Act's automatic transfer provisions violate his constitutional guarantees of due process and equal protection by setting forth arbitrary and capricious distinctions predicated upon the seriousness of the crime charged, rather than the seriousness of the crime for which defendant is actually convicted. In support of his argument, defendant argues that a juvenile originally charged with involuntary manslaughter cannot be denied juvenile treatment unless an investigation and hearing are held. (Ill. Rev. Stat. 1983, ch. 37, par. 702-7(3).) However, a juvenile charged with murder, but actually convicted of the lesser included offense of involuntary manslaughter, may be sentenced as an adult without a prior hearing. Therefore, defendant contends that section 2-7(6)(c) violates the right to equal protection of the laws because it permits unequal treatment of groups similarly situated and "offends reasonable notions of fairness." Defendant further contends that section 2-7(6)(c) is unconstitutional because it fails to provide any procedural guidelines for the court to follow in determining whether to sentence an offender as an adult or as a juvenile.
*1043 The constitutionality of section 2-7(6) was recently upheld by the Illinois Supreme Court in People v. J.S. (1984), 103 Ill.2d 395, 469 N.E.2d 1090. The J.S. court found that the distinction drawn between offenders based on age and the type of offense charged was not arbitrary and discriminatory and did not deprive defendants of procedural and substantive due process and equal protection of the laws.
With respect to the alleged absence of procedural guidelines for sentencing, this court addressed the identical issue in People v. Williamson (1985), 131 Ill. App.3d 321, 475 N.E.2d 938, which we find dispositive of the matter. In Williamson, defendant, age 16, was charged by indictment with murder and armed violence. Pursuant to section 2-7(6)(a) of the Act, defendant was prosecuted as an adult in a criminal proceeding. Following a bench trial, defendant was found guilty of voluntary manslaughter and sentenced as an adult to four years' imprisonment. On appeal, defendant claimed, inter alia, that section 2-7(6) was unconstitutional because it failed to provide procedural guidelines by which the court could determine whether to sentence him as an adult or as a juvenile.
In upholding the constitutionality of section 2-7(6), the Williamson court found that the Act does provide certain standards and guidelines to be used in determining whether to sentence a minor, who is subject to the automatic transfer provisions of the Act, as a juvenile or as an adult. Specifically, the Williamson court stated that the enumerated standards set forth in section 2-7(3)(a) of the Act also apply to section 2-7(6). Section 2-7(3)(a) provides that in making its determination as to waiver of juvenile court jurisdiction in the case of minors 13 years of age or older who commit criminal acts, the court is to consider: (1) sufficiency of the evidence; (2) the aggressive and premeditated manner in which the offense was committed; (3) minor's age; (4) minor's history; (5) available treatment facilities; and (6) the best interests of the minor and the security of the public. (People v. Williamson (1985), 131 Ill. App.3d 321, 324-25, 475 N.E.2d 938.) The court emphasized that it is not necessary that all of the factors be considered or that all factors considered be resolved against defendant. 131 Ill. App.3d 321, 325, 475 N.E.2d 938.
 8 In applying the above factors to the present case, we conclude that the trial court did not abuse its discretion in sentencing defendant as an adult. First, sufficiency of the evidence to warrant an indictment is established by defendant's conviction. Second, the undisputed evidence shows that the offense was committed in an aggressive manner. Third, defendant was 15 1/2 years of age at the time of the offense, only 1 1/2 years short of the upper age limit for juvenile jurisdiction. Fourth, *1044 defendant had been previously convicted of armed robbery. Fifth, the trial court expressed keen interest in the treatment which defendant had received up to that point and in the future treatment that would be available to him at various facilities. Finally, the court demonstrated a direct concern for defendant's best interests when it stated that its reason for denying defendant's motion for disposition under the Act was that there was a possibility that defendant could serve a longer period of time if incarcerated under the Act than if incarcerated under the criminal laws. As further evidence of the court's concern for defendant, the court credited defendant with the 10 months he had been in custody prior to trial and recommended that defendant serve his sentence at the St. Charles facility where he had been previously undergoing treatment and rehabilitation.
 9 Defendant next contends that section 2-7(6)(c) of the Act violates the due process clause of the Illinois Constitution because "it is not reasonably designed to remedy the evil which the legislature determined to be a threat to the public" and "it conflicts with the legislative intent of the" Act. In support of his contention, defendant argues that section 2-7(6)(c) was intended to deal solely with "hardened youth offenders who commit murder, deviate sexual assault and armed robbery with a firearm," and not "with the otherwise law-abiding youth who without prior intent makes a mistake, however serious its consequences." With respect to legislative intent, defendant claims that the purpose of the Act, i.e., "to serve the moral, emotional, mental and physical welfare of the minor and the best interests of the community" (Ill. Rev. Stat. 1983, ch. 37, par. 701-2), is undermined by sentencing a juvenile who committed "an unpremeditated crime, devoid of any felonious intent or malice" as an adult pursuant to the criminal laws.
After careful consideration of the Act, it is our opinion that section 2-7(6)(c) directly relates to and effectuates the purpose of the Act. We concur with defendant that the Act's purpose and intent is two-fold: to serve the needs of the minor and to protect the interests of the community. Inherent in this purpose is the necessity for the court to balance these two interests when arriving at a fair determination. The Act does not mandate that once a juvenile is charged with murder, aggravated criminal sexual assault, or armed robbery with a firearm he must be sentenced, regardless of the actual conviction, as an adult under the criminal laws. Such a mandate would clearly conflict with the purpose of the Act. Instead, the Act specifically provides that when a juvenile is convicted of an offense other than those enumerated in section 2-7(6)(a), the court, in its discretion, may determine whether the defendant should be sentenced as an adult or as a juvenile. Thus, the *1045 court is given the opportunity to balance the interests of the community and the minor in reaching a sentencing determination. Further, as previously discussed, the Act provides a specific guideline for the court to follow in making that determination. In our view, these provisions are consistent with the purpose and policy of the Act.
 10 With respect to defendant's assertion that section 2-7(6) was not reasonably designed to remedy the evil of an increase in violent, premeditated juvenile crime, we find the plain language of the Act contradicts this assertion. Section 2-7(6)(a) provides that minors at least 15 years old who are charged with either murder, aggravated criminal sexual assault or armed robbery with a firearm shall be tried as an adult under the criminal laws. As stated by the Illinois Supreme Court in People v. J.S. (1984), 103 Ill.2d 395, 469 N.E.2d 1090, these four crimes present the greatest danger to the community because of their violent nature and frequency of occurrence. (103 Ill.2d 395, 404, 469 N.E.2d 1090.) As a result, the J.S. court concluded that section 2-7(6) was rationally based on the age of the offender and threat posed by the offenses. Although the J.S. court's analysis addressed alleged violations of the Federal Constitution, we find the rationale equally applicable to the State Constitution argument raised by defendant and conclude that the plain language of the Act renders it directly applicable to providing a remedy for violent crimes perpetrated by juveniles. Further, section 2-7(6)(c) provides the necessary due process protections to the juvenile in the event he is convicted of an offense not enumerated in the Act.
Finally, defendant contends that the trial court erred in not applying the discretionary pre-adjudication transfer standards of section 2-7(3)(a) of the Act in deciding whether to sentence him under the criminal laws or juvenile laws. This issue has been fully discussed with respect to defendant's contention that section 2-7(6)(c) of the Act violated his constitutional rights of due process and equal protection. As previously stated, upon review of the record, we conclude that the court had properly applied the pre-adjudication transfer standards of section 2-7(3)(a) of the Act.
For the reasons set forth above, the judgment of the circuit court of Cook County is affirmed.
Affirmed.
BUCKLEY, P.J., and O'CONNOR, J., concur.