THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. ISLAM PINJOLI, Defendant-Appellee.

Third District   Nos. 3—91—0012, 3—91—0013 cons.

Opinion filed October 7, 1991.

Gary L. Spencer, State's Attorney, of Morrison (John X. Breslin and Rita Kennedy Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

George C. Howard, of George C. Howard, Ltd., of Chicago, for appellee.

JUSTICE HAASE delivered the opinion of the court:

The defendant, Islam Pinjoli, was charged by indictment with the offense of unlawful possession of a controlled substance with the in-

tent to deliver (case number 90—CF—140) and the offense of eavesdropping (case number 90—CF—141) (Ill. Rev. Stat. 1989, ch. 56½, par. 1401(a)(2); ch. 38, par. 14—2). He filed three motions to dismiss the indictments. Thereafter, the trial court granted his third motion. The State appeals, and we reverse and remand.

The record shows that the defendant filed a motion to dismiss his indictment in case number 90—CF—140. He alleged that the indictment was improper because it grew "out of a set of facts and evidence framed and concocted by the State and its agents." Following a hearing on this motion, the trial court denied it. A similar motion was filed in case number 90—CF—141, wherein the defendant alleged that it was necessary for him to eavesdrop to defend himself against the State's conspiracy. No hearing has been held on that motion. The defendant also filed a third motion incorporating both cases, alleging that his indictments should be dismissed because the State had introduced evidence at the grand jury hearing showing that he had a prior conviction for a drug offense.

Following a hearing on the third motion, the trial court dismissed both indictments against the defendant. The court found that the evidence of the prior conviction had a prejudicial effect on the defendant and, as such, the grand jury should not have heard the evidence.

The record also shows that the defendant testified before the grand jury. In addition, it shows that a hearing was not held on defendant's motion alleging that it was necessary for him to eavesdrop to defend himself against the State's conspiracy in case number 90—CF—141. Finally, it shows that the defendant did not contend, nor did the trial court find, that insufficient evidence was introduced to support the indictments.

On appeal, the State argues that the trial court erred in dismissing the indictments. Specifically, it contends that evidence of the defendant's prior conviction was properly admitted for impeachment purposes.

It is well settled that grand jury proceedings are not restrained by the technical, procedural, and evidentiary rules governing the conduct of criminal trials. (*In re D.T.* (1986), 141 Ill. App. 3d 1036, 490 N.E.2d 1361.) It is also well settled that even at trial a defendant's prior conviction may be introduced for impeachment purposes if he testifies. (*People v. Davis* (1990), 193 Ill. App. 3d 1001, 550 N.E.2d 677.) If a defendant can be impeached when he testifies at trial, we find no basis for saying that he cannot be impeached with a prior conviction when he testifies before a grand jury.

256

Here, we find that the trial court erred in dismissing the indictments. The evidence showed that the defendant testified before the grand jury. As such, the State could introduce impeachment evidence, including evidence of his prior conviction. We note that the cases cited by the defendant in support of his position are all distinguishable. Therefore, we conclude that the indictments in cases numbers 90—CF—140 and 90—CF—141 should be reinstated.

However, regarding case number 90—CF—141, we note that the defendant was not given a hearing on his motion to dismiss filed in that case. Due to our finding that the court erred in dismissing the indictments, we conclude that the cause must be remanded for a hearing on the defendant's remaining motion. Accordingly, we reverse the trial court's decision in cases numbers 90—CF—140 and 90—CF—141 and reinstate the defendant's indictments. On remand, the trial court shall hold a hearing on the defendant's motion to dismiss in case number 90—CF—141.

The judgment of the circuit court of Whiteside County is reversed and the cause remanded for proceedings consistent with this decision.

Reversed and remanded.

GORMAN and McCUSKEY, JJ., concur.