THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
DAVID VADEBONCOEUR, Defendant-Appellee.

Third District    No. 81-432

Opinion filed March 16, 1982.

L. Patrick Power, State's Attorney, of Kankakee (John X. Breslin, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Robert Agostinelli and Pamela Peters, both of State Appellate Defender's Office, of Ottawa, for appellee.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

The State appeals from an order of the circuit court of Kankakee County dismissing an indictment which charged David Vadeboncoeur, the defendant herein, with felony theft. The defendant was convicted of misdemeanor theft on February 5, 1980. The defendant was not repre-

sented by a lawyer in that proceeding. He pleaded guilty and was sentenced accordingly. In December 1980, the State charged the defendant with felony retail theft of cigarettes, the value of which did not exceed $150 (Ill. Rev. Stat. 1979, ch. 38, par. 16A—3(a)), based on the prior misdemeanor theft (Ill. Rev. Stat. 1979, ch. 38, par. 16A—10(2)).

The defendant moved to dismiss the latter indictment on grounds that he had not formally waived his sixth amendment right to counsel in connection with the February 1980 conviction.

At the hearing on the defendant's motion, the State presented testimony of Edward A. McIntire, Associate Circuit Judge, who had accepted the defendant's February 1980 plea. Judge McIntire indicated that he had admonished the defendant, *inter alia*, of his right to have the public defender appointed to represent him. He further stated, however, that he had no independent recollection of the proceedings against the defendant and that his testimony was based upon his review of the minutes of the earlier conviction. Judge McIntire was unable to recall having explained to the defendant that he could have a lawyer provided free of charge to him if he could not afford one. Thomas Lawson, assistant State's Attorney, also testified on behalf of the State. Lawson had prosecuted the February 1980 case. He was unable to state whether Judge McIntire had admonished the defendant that a lawyer could be provided free of charge or merely that the public defender would be appointed for him.

The defendant, testifying on his own behalf, stated that Judge McIntire had told him that a lawyer would be appointed. He was not told that the lawyer would be provided free of charge. Nor did the defendant understand that he could have free legal representation. He further stated that he had not told the judge that he wished to waive his right to an attorney or that he did not want an attorney to be present. At the close of testimony, the trial court took the motion under advisement, and returned its decision six days later, allowing the defendant's motion to dismiss "pursuant to *Baldasar v. Illinois* [(1980), 446 U.S. 222, 64 L. Ed. 2d 169, 100 S. Ct. 1585]." The State has appealed.

On appeal, the State argues that the trial court erred inasmuch as the evidence adduced at the hearing was sufficient to demonstrate that Judge McIntire properly admonished the defendant of his right to counsel. The defendant argues that the trial court should be affirmed because the State failed to demonstrate that the defendant validly and understandingly waived his right to counsel at the February 1980 misdemeanor conviction. As such the defendant argues, the rule of *Baldasar v. Illinois* precludes the enhancement of the defendant's present misdemeanor charge to a felony. We affirm.

In *Scott v. Illinois* (1979), 440 U.S. 367, 59 L. Ed. 2d 383, 99 S. Ct. 1158, the Supreme Court declared that the sixth and fourteenth amend-

ments require that no indigent criminal defendant be sentenced for a term of imprisonment unless the State has afforded him the right to assistance of appointed counsel. In *Baldasar*, the court ruled that a prior uncounseled misdemeanor conviction could not serve as a basis under the enhanced penalty statute (Ill. Rev. Stat. 1979, ch. 38, par. 16—1(e)(1)) to convert a later misdemeanor theft into a felony.

■■■ Since the defendant herein was given a 15-day jail sentence for his February 1980 conviction, it is clear that the defendant's admonishments prior to pleading guilty required inclusion of the right to appointed counsel. Furthermore, the right to counsel is so fundamental to a fair trial that waiver of the right will not be found "unless it appears from the record that at each critical stage of the proceeding the trial judge specifically offered, and the accused knowingly and understandingly rejected, the representation of appointed counsel." (*People v. Hessenauer* (1970), 45 Ill. 2d 63, 68, 256 N.E.2d 791, 794.) "Every reasonable presumption will be entertained against a finding of waiver where there are insufficient facts to substantiate a knowing and intelligent waiver." *People v. Brown* (1980), 80 Ill. App. 3d 616, 621-22, 399 N.E.2d 1374, 1378.

In the present case, the State asks that this court second-guess the trial court based upon the testimony received at the hearing on the defendant's motion to dismiss. We have read the transcripts thoroughly. It is apparent that neither the prosecutor nor Judge McIntire recalled precisely what David Vadeboncoeur was told at the February 1980 proceedings concerning his right to counsel. The defendant said he did not understand that he could be represented by an attorney at no cost to himself. The trial court, in its superior position for weighing the credibility of witnesses, did not believe that a sufficient factual showing of waiver had been made to overcome the presumption against waiver. Having found no effective waiver of the right to appointed counsel at the February 1980 proceedings, the trial court ruled that the present indictment, charging an otherwise-petty offense as a felony solely on the basis of the earlier conviction, was fatally defective.

■■ Based upon the record on review we cannot say that the trial court's determination is contrary to the manifest weight of the evidence. Accordingly, the trial court's order dismissing the indictment is affirmed.

Affirmed.

ALLOY and SCOTT, JJ., concur.