THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* REGINALD BRAGG, Defendant-Appellant.

First District (3rd Division)   No. 80—2828

Opinion filed August 1, 1984.

Steven Clark and Scott Graham, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat and Richard B. Levy, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McGILLICUDDY delivered the opinion of the court:

Following a jury trial, defendant, Reginald Bragg, was convicted of two counts of aggravated battery and one count of armed violence. The court entered judgment on the armed violence verdict, sentencing defendant to six years in the penitentiary. On appeal, Reginald contends (1) that he was denied his sixth amendment right to effective assistance of counsel by his attorney's failure to move to dismiss his indictment; (2) that the State failed to prove him guilty beyond a reasonable doubt; (3) that he was denied a fair trial by the prosecutor's improper remarks in closing argument; and (4) that the court abused its discretion by entering sentence on the armed violence verdict.

Officer John Shields of the Chicago police department testified that on the evening of February 5, 1980, he was on patrol with his partner, Officer Charles Edward, when he responded to a call for help at a bus stop at Homan Avenue and Roosevelt Road in Chicago. He saw the complaining witness, Linda Redmond, "hollering" and a police officer standing next to the defendant, Reginald Bragg. Shields saw an object in Reginald's hand. As Shields approached, he saw Reginald throw an object away. Shields later found a bluesteel .22-caliber revolver in the snow behind the bench at the bus stop. Linda told Shields she had been stabbed. Although a blade was recovered from Linda's abdomen, the rest of the knife was never found.

At a preliminary hearing on March 20, 1980, before Judge Gino DiVito, Reginald was charged with aggravated battery. Linda testified

that she had been standing at the bus stop with Reginald, with whom she was not acquainted, when he grabbed her from behind and demanded that she kiss him. When she resisted, he stabbed her, and she called for help. Reginald testified that he had been standing at the bus stop with Linda when he merely asked her if she had seen the bus yet. She then, allegedly, pulled out a gun and he stabbed her. He threw the knife away. He testified that Linda threw the gun about 10 feet away. The court found no probable cause to charge Reginald with aggravated battery.

On July 1, 1980, the State brought charges before a grand jury. The assistant State's Attorney told the grand jury that Reginald was before them on the State's request for a reindictment; that although a previous grand jury had returned a true bill on charges of aggravated battery, armed violence and attempted murder, he had failed to inform the first grand jury that there had been a finding of no probable cause at Reginald's preliminary hearing on a charge of aggravated battery. Thus, it was necessary to seek a reindictment. The assistant State's Attorney then read into evidence the testimony of Shields before the first grand jury. According to this testimony, Reginald had stated that he grabbed Linda from behind. Linda pulled a gun on him. He knocked the weapon from her hand and then stabbed her, leaving the knife blade in her abdomen. Shields testified that the remainder of the knife was never found, but that he found a revolver behind a bench at the bus stop. A juror asked Shields whether the revolver had anything to do with the case. Shields responded that the revolver "checked clear"; it was not registered; and that he could not determine the owner of the revolver. The second grand jury returned a true bill on all charges.

At trial Reginald testified on direct examination that on February 5, 1980, he was on his way to visit his girl friend when he arrived at the bus stop where Linda was waiting. He asked Linda if she had seen the bus. She did not answer and when he looked to see if the bus was coming Linda pulled out a gun. Reginald testified that he grabbed it from her. He struggled with her and he threw the gun on the ground. They continued to struggle and Reginald pulled out his knife and stabbed her.

On cross-examination, Reginald testified that he threw the gun and knife away when he saw the police. He stated that he stabbed Linda after he had thrown down the gun.

Linda's testimony at trial was substantially the same as her testimony at the preliminary hearing.

The jury found Reginald not guilty of attempted murder; guilty of

aggravated battery based on great bodily harm; guilty of aggravated battery based on the use of a deadly weapon; and guilty of armed violence. Sentence was entered on armed violence only. Reginald appeals.

## I

Defendant first contends that he was denied the effective assistance of counsel because his privately retained attorney did not move to dismiss the indictment returned by the grand jury.

In *People v. Talley* (1981), 97 Ill. App. 3d 439, 422 N.E.2d 1084, this court held that the test to determine competency of counsel, whether appointed or privately retained, should be whether counsel was actually incompetent, resulting in substantial prejudice to defendant, without which the result of his trial would have been different. 97 Ill. App. 3d 439, 443.

In the instant matter, Reginald asserts that his attorney erred in not moving to dismiss his indictment following two alleged instances of false testimony before the grand jury. First, Shields' testimony before the first grand jury, as read to the second grand jury, was that following Reginald's arrest, Reginald stated that he grabbed Linda Redmond from behind *before* she pulled a weapon on him, and that he stabbed her after knocking the weapon from her hand. At the preliminary hearing, on the other hand, Reginald stated that Linda had pulled out a gun without provocation as they waited at the bus stop. They struggled, and after Linda dropped the gun Reginald stabbed her.

The other instance complained of was that, when asked by a member of the grand jury whether the revolver found behind the bench at the bus stop had any connection to the case, Shields replied that he had been unable to determine the owner of the revolver.

A trial court has the authority to dismiss an indictment in a criminal case where there has been an unequivocally clear denial of a defendant's right to due process even though it is not a stated ground in section 114—1 of the Code of Criminal Procedure of 1963. (Ill. Rev. Stat. 1979, ch. 38, par. 114—1; *People v. Lawson* (1977), 67 Ill. 2d 449, 367 N.E.2d 1244; *People v. Palmer* (1982), 111 Ill. App. 3d 800, 444 N.E.2d 678.) An indictment may be dismissed if a denial of due process is established with certainty. (*People v. Rivera* (1979), 72 Ill. App. 3d 1027, 390 N.E.2d 1259.) However, prejudice must be established to demonstrate error requiring dismissal of a grand jury proceeding. (*People v. Jackson* (1978), 64 Ill. App. 3d 307, 381 N.E.2d 316.) An indictment need not be dismissed when no intentional false or misleading evidence was presented to the grand jury. *People v.*

*Kline* (1981), 99 Ill. App. 3d 540, 425 N.E.2d 562.

In *People v. Kline*, the defendant contended that the State had infringed his right to due process by allegedly concealing from the grand jury evidence which tended to exonerate the defendant. Specifically, before the grand jury, the officer testifying neglected to inform the jury that at that time the State did not have an identification of the defendant's car. However, the court pointed out that neither did the State represent to the jury that it did have an identification of the car. The court held that when no identification has been made, the State is correct in saying nothing.

This is analogous to Shields' answer that the gun found behind the bench had not been connected to the defendant or to Linda. Furthermore, we point out that Shields told the grand jury that Reginald stated that Linda had a weapon. The jury may have logically inferred that the gun was that weapon. Certainly, there was no intentional concealment or deception by the State, and Reginald was not in our opinion prejudiced by Shields' testimony.

■ An indictment is a formal charge and not a trial on the merits. Therefore, it does not require the degree and quality of proof necessary for a conviction. (*People v. Lambersky* (1951), 410 Ill. 451, 102 N.E.2d 326.) A defendant may not challenge an indictment on the grounds that it is not supported by adequate evidence. There need only be some evidence relevant to the charge. (*People v. Rodgers* (1982), 92 Ill. 2d 283, 290, 442 N.E.2d 240.) Guilt or innocence is established at trial. *People v. Creque* (1978), 72 Ill. 2d 515, 382 N.E.2d 793, *cert. denied* (1979), 441 U.S. 912, 60 L. Ed. 2d 384, 99 S. Ct. 2010.

■ In *People v. Creque*, the defendant argued without success that he had been prejudiced by the prosecutor's failure to inform the grand jury that he had stopped attacking the victim when his brother urged him to stop. Defendant alleged that this evidence would have showed that he lacked the intent to kill. This is similar to Reginald's assertion that he was prejudiced by Shields' statement that Reginald said he grabbed Linda prior to, rather than after, she pulled a weapon on him. However, we do not believe that this was prejudicial to Reginald. He has at all times admitted that Linda was unarmed when he stabbed her. This is sufficient evidence to support a verdict of guilty of aggravated battery and armed violence. Further, there is no reason to believe this was intentional deception by the State. Thus, there was no error in this regard.

■ Reginald contends that the assistant State's Attorney erred (1) in informing the second grand jury that defendant was before

them on a reindictment, since a previous grand jury had returned a true bill but that jury had not been informed that there was a finding of no probable cause at the preliminary hearing, and (2) in reading into evidence before the second grand jury the testimony of Shields before the first grand jury. These assertions are without merit. It is well established that informing the jury of a prior indictment or the reading of the evidence presented before the prior grand jury does not prejudice an accused. *People v. Simmons* (1982), 105 Ill. App. 3d 402, 434 N.E.2d 435; *People v. Johnson* (1981), 97 Ill. App. 3d 1055, 423 N.E.2d 1206, *cert. denied* (1982), 455 U.S. 951, 71 L. Ed. 2d 667, 102 S. Ct. 1457.

■ Regarding Reginald's assertion that the first grand jury was not properly admonished pursuant to section 112—4(b) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 112—4(b)), we note that the transcript of the first grand jury proceedings has not been included in the record before this court. Any doubt in a grand jury proceeding should be resolved against the defendant when he has failed to file a transcript of the grand jury proceedings. (*People v. Easter* (1981), 102 Ill. App. 3d 974, 430 N.E.2d 612.) Furthermore, we believe that any error was cured by the prosecutor's proper admonishment in the second grand jury proceedings. A court must proceed with restraint in ascertaining an infringement of due process in the indictment procedure. A motion to dismiss an indictment should only be granted when the denial of due process had been found with certainty. *People v. Lawson* (1977), 67 Ill. 2d 449, 367 N.E.2d 1244.

■ Therefore, we find that defendant was not denied effective assistance of counsel. The grand jury's finding was supported by sufficient evidence so that a motion to quash or dismiss would have been unsuccessful.

## II

Defendant next contends that he was not proved guilty beyond a reasonable doubt because Linda's testimony, that she did not pull a gun on Reginald, or see a gun that evening, was allegedly rendered incredible by the testimony of the police officer that a .22-caliber revolver was found at the bus stop. However, it is the function of the jury to determine the credibility of the witnesses and the weight to be given their testimony. (*People v. Warmack* (1980), 83 Ill. 2d 112, 413 N.E.2d 1254.) A reviewing court will not set aside a jury's verdict unless the evidence is so improbable as to raise a reasonable doubt of guilt. *People v. Yarbrough* (1977), 67 Ill. 2d 222, 367 N.E.2d 666; *People v. Thompson* (1981), 93 Ill. App. 3d 995, 418 N.E.2d 112, *cert. de-*

*nied* (1982), 458 U.S. 1109, 73 L. Ed. 2d 1371, 102 S. Ct. 3490.

■■ Our review of the record leads us to conclude that it was reasonable for the jury to believe the events as recounted by Linda, rather than by Reginald. Further, even if Reginald's assertion that Linda threatened him with a gun were true, it would not create a reasonable doubt as to his guilt. As we mentioned previously, he testified consistently that Linda was unarmed at the time of the stabbing. Therefore, the jury's convictions for aggravated battery and armed violence were supported by undisputed evidence.

### III

■■ Reginald argues that he was denied a fair trial by certain remarks made by the prosecutor in closing argument, which allegedly diminished the importance of the reasonable doubt standard. These remarks were not objected to at trial, nor were they included in defendant's post-trial motion. Thus, any issue relating thereto would normally have been waived. (*People v. Carlson* (1980), 79 Ill. 2d 564, 404 N.E.2d 233; *People v. Precup* (1978), 73 Ill. 2d 7, 382 N.E.2d 227.) However, since defendant has alleged a violation of fundamental fairness, we will address the remarks complained of, pursuant to Supreme Court Rule 615(a) which states in pertinent part:

> "*** Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court." 87 Ill. 2d R 615(a).

During rebuttal closing argument the prosecutor stated:

> "Examine, if you will, and apply your common sense. You will be instructed that the state must prove the case. There's certain burdens beyond a reasonable doubt.
>
> Just a couple of words about that. First of all, it is the same burden the state has in every case in this state. You know from reading the papers that juries come back every day and convict people. It is not an impossible burden to meet.
>
> And, secondly, it is not all doubt. You may say, 'Gee, Linda Redmond doesn't know directions.' That is not a reasonable doubt just because there is some deficiency in her education. It is not a reasonable doubt."

In determining whether a prosecutor's closing statements are prejudicial, reference is made to the content of the language used, its relation to the evidence, and the effect of the argument on the rights of an accused to a fair and impartial trial. *People v. Franklin* (1976), 42 Ill. App. 3d 408, 355 N.E.2d 634.

In *People v. Bryant* (1983), 94 Ill. 2d 514, 447 N.E.2d 301, our su-

preme court held that the prosecutor's statement that the State's burden of proof was " 'not unreasonable' " and " 'met each and every day in courts' " did not reduce the burden of proof (94 Ill. 2d 514, 523), and, thus, did not deny the defendant a fair trial.

■ We believe the remarks complained of in the case at bar were equally harmless. Although it is prejudicial error to imply that the burden of proof is merely a *pro forma* or a minor detail (*People v. Martinez* (1979), 76 Ill. App. 3d 280, 395 N.E.2d 86), in the instant matter we believe the prosecutor's statement that it was not an "impossible burden" had the opposite effect. It implied that the burden, while not impossible, was nevertheless substantial. Therefore, we find that any error was harmless beyond a reasonable doubt and did not contribute to the jury's verdict. *People v. Ayala* (1981), 96 Ill. App. 3d 880, 422 N.E.2d 127.

■ Reginald also asserts that prosecutorial remarks regarding the indictment by the grand jury were error. However, not only were these remarks clearly invited by defense counsel's closing argument, but they were also without prejudice to the defendant since they merely compared the burdens of proof in the two proceedings, fairly stating that the trial jury would be the ultimate judge of guilt or innocence. We find no error in this regard.

## IV

■ Defendant asserts that the trial court erred in stating that it was compelled to enter judgment on the armed violence verdict rather than on aggravated battery. In *People v. Donaldson* (1982), 91 Ill. 2d 164, 435 N.E.2d 477, our supreme court stated that in a situation where a defendant had been convicted of armed violence and aggravated battery causing great bodily harm, both arising from a single physical act, judgment should be entered and sentence imposed on only the more serious offense. Thus, we believe the trial court properly limited its discretion in this regard.

Defendant also asserts, however, that his armed violence conviction should be vacated since it constituted double enhancement, being based upon his conviction of aggravated battery with a deadly weapon under section 12—4(b)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 12—4(b)(1)).

In *People v. Haron* (1981), 85 Ill. 2d 261, 422 N.E.2d 627, the supreme court decided that an aggravated battery charged under section 12—4(b)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 12—4(b)(1)) could not serve as the predicate felony for invoking the armed violence statute. The court stated:

"Our review of the language of the statute and the authorities leads us to conclude that the General Assembly did not intend that the presence of a weapon serve to enhance an offense from misdemeanor to felony and also to serve as the basis for a charge of armed violence. In our opinion the requirement of section 33A—2 that there be the commission of a felony while armed with a dangerous weapon contemplates the commission of a predicate offense which is a felony without enhancement by the presence of a weapon." 85 Ill. 2d 261, 278.

In an effort to distinguish the instant matter from *Haron*, the State points out that Reginald was charged with and convicted of two counts of aggravated battery, one based on great bodily harm (Ill. Rev. Stat. 1979, ch. 38, par. 12—4(a)), and one based upon the use of a deadly weapon (Ill. Rev. Stat. 1979, ch. 38, par. 12—4(b)(1)). Thus, the State argues that Reginald's conviction for armed violence should be allowed to stand since it could have been based on the charge under section 12—4(a). However, our review of the record discloses that Reginald's armed violence charge specifically refers to aggravated battery based on the use of a deadly weapon in violation of section 12—4(b)(1) and does not refer to section 12—4(a).

In *People v. Van Winkle* (1981), 88 Ill. 2d 220, 430 N.E.2d 987, the armed violence charge against the defendant also referred specifically to 12—4(b)(1). Van Winkle's conviction for armed violence was reversed under the rule established in *Haron*.

Furthermore, an identical conclusion was reached by this court in *People v. Thompson* (1983), 114 Ill. App. 3d 662, 449 N.E.2d 159, where the defendant's armed violence charge referred to both bodily harm and the use of a deadly weapon. Since the charge did not refer to *great* bodily harm, this court held that it must be assumed to have been predicated on the use of a deadly weapon and constituted double enhancement. Therefore, the armed violence conviction was reversed.

██ Under this line of cases, we believe that Reginald's conviction of armed violence clearly constituted double enhancement and must be reversed. We therefore reverse defendant's conviction for armed violence and remand this cause for sentencing on one of the aggravated battery convictions.

Affirmed in part, reversed in part and remanded.

McNAMARA and WHITE, JJ., concur.