THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
JOSEPH A. FINLEY, Defendant-Appellee.

Third District   No. 3—90—0176

Opinion filed February 25, 1991.

Joseph Navarro, State's Attorney, of Ottawa (Rita Kennedy Mertel, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

George G. Leynaud, of Peru, and Stephen Omolecki, of State Appellate Defender's Office, of Ottawa, for appellee.

JUSTICE SLATER delivered the opinion of the court:

The defendant, Joseph A. Finley, was charged by indictment with the felony offense of driving while under the influence of alcohol (DUI) pursuant to section 11—501 (d) of the Illinois Vehicle Code (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501 (d)). This section provides for enhancement of a DUI conviction to a Class 4 felony when two prior DUI violations have been committed. The indictment charged that the defendant had previously committed the offense of DUI in April and September of 1982. The defendant filed a motion to dismiss, claiming that use of the April 1982 conviction was improper because he was indigent at that time and he had not waived nor been afforded counsel.

The trial court granted the defendant's motion to dismiss the indictment, finding that the indictment failed to state an offense and that it violated the defendant's right to due process of law. These findings were premised on the court's belief that *Baldasar v. Illinois* (1980), 446 U.S. 222, 64 L. Ed. 2d 169, 100 S. Ct. 1585, prevented use of the defendant's prior uncounseled misdemeanor DUI conviction to enhance the current charge to a felony. On appeal the State contends that the trial court erred in dismissing the indictment because: (1) the indictment stated an offense; (2) *Baldasar* does not bar the use of defendant's prior conviction; and (3) even if *Baldasar* applies, dismissal of the indictment was improper. We reverse and remand.

■ In *Baldasar v. Illinois* (1980), 446 U.S. 222, 64 L. Ed. 2d 169, 100 S. Ct. 1585, an indigent defendant who was not represented

by counsel and who had not formally waived the right to counsel was convicted of misdemeanor theft. The defendant was subsequently convicted of another theft which was enhanced to a felony because of the prior conviction. The United States Supreme Court reversed the defendant's conviction, holding that the prior uncounseled misdemeanor conviction could not be used collaterally to impose an increased term of imprisonment upon a subsequent conviction. *Baldasar*, 446 U.S. at 225-26, 64 L. Ed. 2d at 173-74, 100 S. Ct. at 1587 (Marshall, J., concurring, joined by Brennan and Stevens, JJ.).

■ In seeking to avoid the effect of *Baldasar*, the State makes several arguments. First, the State contends that while *Baldasar* may prevent enhancement based on an uncounseled prior conviction, section 11—501(d)(1) does not require proof of prior convictions. Rather, according to the State, this section only requires the State to establish that the defendant *committed* the offense of DUI on two prior occasions. Section 11—501 (d) provides:

> "(d) Every person *convicted* of committing a violation of this Section shall be guilty of a Class 4 felony if:
> (1) Such person *committed* a violation of paragraph (a) for the third or subsequent time." (Emphasis added.) Ill. Rev. Stat. 1989, ch. 95½, par. 11—501.1(d)(1).

The State argues that the "plain language" of the statute demonstrates the legislature's intent to distinguish between one who has been "convicted" of DUI and one who has "committed" the offense of DUI. Thus, the argument continues, the State was not required to prove the defendant's prior conviction for DUI, but only that he committed the offense of DUI twice in the past. Presumably this could be done by presenting evidence other than the record of defendant's uncounseled conviction.

■ We see no need, however, to speculate on the legislative intent allegedly demonstrated by the use of the terms "convicted" and "committed." The rationale underlying the *Baldasar* decision is that an uncounseled conviction is not sufficiently reliable to support a sentence of imprisonment.

> "An uncounseled conviction does not become more reliable merely because the accused has been validly convicted of a subsequent offense. For this reason, a conviction which is invalid for purposes of imposing a sentence of imprisonment for the offense itself remains invalid for purposes of increasing a term of imprisonment for a subsequent conviction under a repeat-offender statute." *Baldasar*, 446 U.S. at 227-28, 64 L. Ed. 2d at

175, 100 S. Ct. at 1588 (Marshall, J., concurring, joined by Brennan and Stevens, JJ.).

Clearly, if defendant's prior conviction is not sufficently reliable to support enhancement of the present offense, some lesser quantum of evidence indicating that defendant "committed" the offense of DUI would be still less reliable. Therefore we find that the principle underlying *Baldasar* is undisturbed by the State's argument.

The State next argues that the trial court erred in holding that the State has the burden of establishing that the defendant waived counsel. It is well settled, however, that where there is no affirmative indication in the record that the right to counsel has been waived, the burden is on the State to demonstrate such a waiver, and every reasonable presumption against a finding of waiver will be entertained. (*People v. Vadeboncoeur* (1982), 104 Ill. App. 3d 787, 433 N.E.2d 370; *People v. McCarty* (1981), 101 Ill. App. 3d 355, 427 N.E.2d 1382, *aff'd in part & rev'd in part* (1983), 94 Ill. 2d 28, 445 N.E.2d 298; *People v. Roofener* (1981), 95 Ill. App. 3d 342, 420 N.E.2d 189; *People v. Brown* (1980), 80 Ill. App. 3d 616, 399 N.E.2d 1374.) In the instant case, the State stipulated that there was no record that defendant had counsel when pleading guilty to the first DUI offense in April of 1982. The defendant filed an affidavit stating that he could not afford counsel for the April 1982 charge, that he was not informed of his right to counsel, and that he was told by the assistant State's Attorney that he had no right to appointed counsel because the State was not seeking a jail term. The State was unable to present any evidence to refute the defendant's claims, and the trial court found that *Baldasar* prohibited the State from using the April 1982 conviction to enhance the current charge to a felony. Based on the record, we cannot say that such a finding was contrary to the manifest weight of the evidence. See *Vadeboncoeur*, 104 Ill. App. 3d at 789, 435 N.E.2d at 371-72.

The State next contends that even if defendant's April 1982 conviction was the result of an uncounseled guilty plea, it was nevertheless admissible under *Schindler v. Clerk of Circuit Court* (7th Cir. 1983), 715 F.2d 341. Schindler was convicted of operating a motor vehicle while intoxicated (OWI) under a Wisconsin statute which provided for progressive penalties for subsequent offenses. A first-time offender was subject only to a civil forfeiture of $100 to $500. Schindler, who claimed to be indigent, was not represented by counsel at this proceeding as Wisconsin does not provide counsel to first offenders because the proceedings are civil in nature. Schindler was later convicted of OWI two more times, and he objected to being sen-

tenced as a third offender, arguing that *Baldasar* prohibited the imposition of an enhanced penalty based on his prior uncounseled conviction. The United States Court of Appeals rejected Schindler's argument, finding that use of a prior uncounseled *civil adjudication* was not proscribed by *Baldasar*.

We do not find *Schindler* persuasive. As the trial judge in this case noted, the Illinois DUI statute, which enhances a Class A misdemeanor to a Class 4 felony on the third offense, is more akin to the theft statute at issue in *Baldasar* than it is to the Wisconsin OWI statute. Indeed, it appears likely that the *Schindler* court would have reached a different result under a statute such as ours:

> "Admittedly, nothing prevents the State of Wisconsin from amending its statute to provide for criminal sanctions commencing with the first violation. Arguably, under the plurality's reasoning in *Baldasar*, such an amendment would require the Wisconsin courts to appoint counsel for indigents if subsequent violations were to be enhanced." *Schindler*, 715 F. 2d at 347.

We hold, therefore, that the use of defendant's prior uncounseled DUI conviction to enhance his current offense to a Class 4 felony is prohibited by *Baldasar*. There remains, however, the question of whether dismissal of the indictment was proper under such circumstances. We hold that it was not.

■ In general, a trial court may dismiss criminal charges prior to trial only for the reasons set forth in section 114—1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1989, ch. 38, par. 114—1) or when there has been a clear denial of due process which prejudiced the defendant (*People v. Lawson* (1977), 67 Ill. 2d 449, 367 N.E.2d 1244; *People v. Valenzuela* (1989), 180 Ill. App. 3d 671, 536 N.E.2d 160; *People v. Schroeder* (1981), 102 Ill. App. 3d 133, 429 N.E.2d 573). One of the grounds for dismissal enumerated in section 114—1, and one upon which the trial court here relied, is that the charge does not state an offense (Ill. Rev. Stat. 1989, ch. 38, par. 114—1(8)).

■ When the sufficency of an indictment is challenged in a pretrial motion, the standard of review is to determine whether the indictment complies with section 111—3 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1989, ch. 38, par. 111—3), which requires that the charge be in writing, state the name of the offense and the statutory provision allegedly violated, state the name of the accused and the date and county of the offense, and set forth the nature and elements of the offense. The purpose of an indictment is to advise the accused of the nature of the charge so that he is able to fully prepare his defense and so that he may plead the judgment as a bar in a sub-

sequent prosecution for the same offense. (*People v. Miles* (1981), 96 Ill. App. 3d 721, 422 N.E.2d 5; *People v. Simon* (1980), 91 Ill. App. 3d 667, 416 N.E.2d 285.) If the indictment meets these standards, it should not be dismissed. (*Simon*, 91 Ill. App. 3d at 669, 416 N.E.2d at 286.) Moreover, the purpose of a motion to dismiss for failure to state an offense is to challenge the sufficiency of the allegations in the charging instrument, not the sufficiency of the evidence. (*People v. Gerdes* (1988), 173 Ill. App. 3d 1024, 527 N.E.2d 1310.) The indictment in the instant case charged:

"ON OR ABOUT JULY 15, 1989, IN LASALLE COUNTY, ILLINOIS, JOSEPH A. FINLEY, DEFENDANT, COMMITTED THE OFFENSE OF: DRIVING WHILE UNDER THE INFLUENCE OF ALCOHOL (CLASS 4 FELONY) IN THAT THE SAID DEFENDANT DID UNLAWFULLY OPERATE A 1978 BUICK ON WESTBOUND ROUTE 34 AND 14TH AVENUE IN LASALLE COUNTY, ILLINOIS, AT A TIME WHEN THE DEFENDANT WAS UNDER THE INFLUENCE OF ALCOHOL AND THE DEFENDANT HAD PREVIOUSLY COMMITTED THE OFFENSE OF DRIVING UNDER THE INFLUENCE OF ALCOHOL IN BUREAU COUNTY, ILLINOIS ON APRIL 17, 1982 AND SEPTEMBER 26, 1982, IN VIOLATION OF SECTION 11—501(d) CHAPTER 95½, ILLINOIS REVISED STATUTES."

Clearly, the indictment complied with the requirements of section 111—3 and also fully informed the defendant of the nature of the charge. We find, therefore, that the trial court erred in finding that the indictment failed to state an offense.

■■■ The trial court also offered an additional reason for dismissing the indictment, stating that it "would be a tremendous violation of [defendant's] due process in order to have him stand trial on a felony that cannot be proven." A trial court, of course, has the inherent authority to dismiss an indictment where there has been an unequivocally clear denial of a defendant's right to due process (*People v. Lawson* (1977), 67 Ill. 2d 449, 367 N.E.2d 1244; *People v. Bragg* (1984), 126 Ill. App. 3d 826, 467 N.E.2d 1004), but a court must proceed with restraint in ascertaining due process violations in indictment procedures (*Lawson*, 67 Ill. 2d 449, 367 N.E.2d 1244; *People v. Shaw* (1985), 133 Ill. App. 3d 391, 478 N.E.2d 1142).

■■■ The trial court apparently felt that since *Baldasar* prohibited use of the defendant's April 1982 conviction, dismissal of the indictment was required. However, the merits of a case are not meant to be decided in the vacuum of a motion to dismiss. (*Gerdes*, 173 Ill.

App. 3d at 1031, 527 N.E.2d at 1315; *People v. Rose* (1976), 44 Ill. App. 3d 333, 357 N.E.2d 1342.) While an indictment which is not supported by *any* evidence may be dismissed, a defendant may not challenge an indictment on the grounds that it is not supported by *adequate* evidence. (*People v. Rodgers* (1982), 92 Ill. 2d 283, 442 N.E.2d 240; *Bragg*, 126 Ill. App. 3d 826, 467 N.E.2d 1004.) There need only be some evidence relevant to the charge, and it is not necessary that evidence be presented for each element of the offense (*Rodgers*, 92 Ill. 2d at 290, 442 N.E.2d at 240; *People v. Lightner* (1986), 145 Ill. App. 3d 741, 496 N.E.2d 269; *Shaw*, 133 Ill. App. 3d 391, 478 N.E.2d 1142). Furthermore, the defendant's motion to dismiss is grounded upon a claim of denial of his right to counsel at his April 1982 DUI conviction. The proper remedy for infringement of the right to counsel is suppression of the evidence obtained in the violation of the right, not dismissal of the indictment. (*People v. Barton* (1984), 122 Ill. App. 3d 1079, 462 N.E.2d 538; *People v. Amft* (1982), 109 Ill. App. 3d 619, 440 N.E.2d 924; see *People v. J.H.* (1990), 136 Ill. 2d 1, 554 N.E.2d 961 (Even if defendant's fourth, fifth, or sixth amendment rights were violated, he was at most entitled to suppression of the evidence; his remedy did not extend to dismissal of the indictment).) Relief may be obtained by a defendant in circumstances such as those presented here through the use of a motion *in limine*.

*People v. Vadeboncoeur* (1982), 104 Ill. App. 3d 787, 433 N.E.2d 370, relied upon by the defendant to support his position that dismissal was proper, is distinguishable. In *Vadeboncoeur*, this court affirmed the dismissal of a felony theft indictment that was predicated on a prior uncounseled guilty plea. The issue in *Vadeboncoeur* was whether the trial court's finding that the defendant had not waived his right to counsel was against the manifest weight of the evidence. The question of whether dismissal of the indictment was the proper remedy was apparently never presented to the court and was not decided in that case. Accordingly, we find that the trial court erred in dismissing the indictment.

For the foregoing reasons, the judgment of the circuit court is reversed and remanded for further proceedings consistent with this opinion.

Reversed and remanded.

BARRY and McCUSKEY, JJ., concur.