NO. 4-96-0677

                          IN THE APPELLATE COURT

                                OF ILLINOIS

                              FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS,    )    Appeal from

          Plaintiff-Appellee,           )    Circuit Court of

          v.                            )    Logan County

JESSE EARL LASKOWSKI,                   )    No. 95CF213

          Defendant-Appellant.          )

                                        )    Honorable

                                        )    Wayne C. Townley, Jr.,

                                        )    Judge Presiding.

_________________________________________________________________

          JUSTICE McCULLOUGH delivered the opinion of the court:

          Following a bench trial in the circuit court of Logan

County, defendant Jesse Earl Laskowski was found guilty of driving

while under the influence of alcohol (DUI), which the trial court

found to be enhanced to aggravated driving under the influence of

alcohol.  625 ILCS 5/11-501(d)(1)(A) (West 1994).  Defendant was

sentenced to 30 months' probation and 60 consecutive Sundays of

periodic imprisonment.  As part of his sentence, he was ordered to

pay a $1,000 fine plus $295 court costs, and refrain from the use

of drugs or alcohol during probation, undergo alcohol counseling,

and follow the counselor's recommendations.  On appeal, defendant

argues his sentence should be reversed because the State failed to

prove by competent evidence the prior convictions used to enhance

his sentence in this case.  We affirm.

          DUI is enhanced to aggravated DUI when the defendant

commits DUI, or violates a substantially similar provision, for the

third or subsequent time.  625 ILCS 5/11-501(d)(1)(A) (West 1994). 

The statute does not provide a time limit for the use of prior

commissions.  The information in this case charged defendant with

          "the offense of Aggravated Driving Under the

          Influence of Alcohol, a Class 4 Felony in

          Violation of Section 5/11-501(d)(1), Chapter

          625, Illinois Compiled Statutes, in that the

          said defendant drove a motor vehicle while

          under the influence of alcohol, said defendant

          having previously committed violations of 625

          ILCS 5/11-501(a) in McLean County in 1968, in

          Tazewell County in 1969, and in McLean County

          in 1971." 

It placed defendant on notice of the State's intention to seek an

enhanced sentence.  Aggravated DUI is a Class 4 felony.  625 ILCS

5/11-501(d)(2) (West 1994).  Generally, DUI is a Class A misdemean-

or.  625 ILCS 5/11-501(c) (West 1994).

          Section 11-501(d)(1) of the Illinois Vehicle Code

involves the increase in the classification of an offense to seek

an enhanced sentence, thus requiring compliance with section 111-

3(c) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS

5/111-3(c) (West 1994)).  People v. Sheehan, 168 Ill. 2d 298, 303-

04, 659 N.E.2d 1339, 1341-42 (1995).  Under section 111-3(c) of the

Code, evidence of the prior commission of two or more DUIs need not

be proved by the State as an element of the offense of aggravated

DUI.  725 ILCS 5/111-3(c) (West 1994).  See People v. Bowman, 221

Ill. App. 3d 663, 666, 583 N.E.2d 114, 116 (1991).

          At the sentencing hearing in this case, the trial court

considered the presentence investigation report, which referred to

the following prior convictions for driving while intoxicated (DWI)

under predecessor statutes:  

                                 Case No.

                                  Date of

Offense

  Date of

Disposition

                                Disposition

McLean County

case No. 68-5768

8/13/68

Unavailable

$100 fine, plus costs

McLean County

case No. 68-8207

10/31/68

Unavailable

7 days in jail, plus

costs

Tazewell County

case No. 69-TR-

4681

6/20/69

7/18/69

7 days in jail,

"amended" July 31,

1969 to 12 days in

jail

McLean County

case No. 71-0406

1/18/71

Unavailable

31 days in jail, $250

fine, plus costs

At the time of these prior convictions, DWI was a misdemeanor. 

See, e.g., Ill. Rev. Stat. 1967, ch. 95½, par. 144(c); Ill. Rev.

Stat. 1967, ch. 95½, par. 144(i); Ill. Rev. Stat. 1967, ch. 38,

par. 2-11; Ill. Rev. Stat. 1967, ch. 38, par. 2-7.

          Defendant objected to the consideration of these prior

offenses listed in the presentence report and to the form of the

State's exhibits offered to establish the prior commission of these

offenses.  People's exhibit No. 1 included the certificate of Pam

Gardner, clerk of the circuit court of Tazewell County, indicating

that, in Tazewell County case No. 69-TR-4681, involving "DWI,"

defendant was sentenced to 30 days in jail on July 18, 1969, but

that order was set aside, and on July 31, 1969, he was sentenced to

12 days in jail.  Gardner's affidavit indicated the official

records of this traffic case were destroyed, without copies being

retained, pursuant to permission from the Administrative Office of

the Illinois Courts, in accordance with the Uniform Manual on

Recordkeeping adopted by the Supreme Court of Illinois.  Adminis-

trative Office of the Illinois Courts, Manual on Recordkeeping,

§4000 et seq., at 70 (1972).

          Similarly, in People's exhibit No. 2, Sandra K. Parker,

clerk of the circuit court of McLean County, advised she was unable

to produce copies of the defendant's McLean County convictions.

However, she did certify copies of pages of the McLean County

circuit court Traffic Fee Book indicating payments made by

defendant in McLean County case Nos. 68-5768, 68-8207, and 71-0406,

all having notations of "D.W.I."

          People's exhibit No. 3 was a printout of defendant's

driving record prepared by the Secretary of State's Office.  That

document referred to convictions for DWI on (1) September 12, 1968,

following an arrest on August 13, 1968; (2) December 9, 1968,

following an arrest on October 31, 1968; (3) July 18, 1969,

following an arrest on June 20, 1969; and (4) January 18, 1971,

following an arrest on January 16, 1971.

          Defendant argues that these exhibits are insufficient

because they nowhere indicate whether defendant was afforded

counsel or waived counsel in the prior cases.  The enhancing event

for DUI is not prior "convictions," but prior "commissions" of the

offense.  Sheehan, 168 Ill. 2d at 303-09, 659 N.E.2d at 1341-44;

People v. Tinkham, 266 Ill. App. 3d 391, 396, 639 N.E.2d 917, 920

(1994); People v. Lambert, 249 Ill. App. 3d 726, 729-30, 619 N.E.2d

534, 536 (1993); People v. Winkler, 248 Ill. App. 3d 954, 957, 618

N.E.2d 661, 662-63 (1993).  As a result, the exhibits must be

analyzed to determine whether they establish a prior commission,

not a prior conviction.  

          The documents submitted by the State are sufficient to

establish the commission of the DUIs.  Just as an order of suspen-

sion is an indication of the commission of the offense, though not

a conviction, the payment of fees and fines by defendant in the

McLean County cases is an acknowledgement of the commission of

those offenses, even though a certified copy of the record of

conviction was not submitted by the State.  This case involves a

question of what is the best evidence of the prior commission. 

Although submitting certified copies of records of conviction is

one method of proving prior commission (see People v. Robinson, 167

Ill. 2d 53, 75-76, 656 N.E.2d 1090, 1100 (1995)), it is not the

only method (see People v. Davis, 65 Ill. 2d 157, 164, 357 N.E.2d

792, 795-96 (1976)), particularly where those records have been

destroyed in the ordinary course of court business.  Informal

presentation of defendant's prior record is not erroneous per se. 

People v. Hurst, 42 Ill. 2d 217, 222, 247 N.E.2d 614, 618 (1969). 

At sentencing, the State need not prove the prior commissions of

DUI beyond a reasonable doubt, and the trial court may consider any

relevant and reliable evidence, taking care to ensure the accuracy

of information and to shield itself from the prejudicial effect of

improper material.  People v. Williams, 149 Ill. 2d 467, 490-92,

599 N.E.2d 913, 924 (1992); People v. Yeast, 236 Ill. App. 3d 84,

92, 601 N.E.2d 1367, 1372 (1992).

          In this case, defendant has never asserted he was not

represented by counsel or did not waive counsel in the prior

proceedings.  Instead, defendant argues that the State failed to

prove representation by counsel or waiver.  We agree with the

State's argument that unless defendant offers some evidence to

affirmatively raise the question of whether he was not represented

by counsel and did not waive counsel at the time of the prior

convictions, defendant cannot shift the burden to the State to

prove representation or waiver.  In essence, the State has

presented its evidence in aggravation and the defendant has done

nothing to call its reliability into question except to argue its

insufficiency.  

          In People v. Finley, 209 Ill. App. 3d 968, 972, 568

N.E.2d 412, 414 (1991), defendant filed an affidavit stating he

could not afford to have counsel for the prior case and he was

informed he had no right to counsel and none would be appointed

since the State was not seeking a jail term.  No such affidavit was

presented in this case.  Nor did defendant testify at sentencing

that he was uncounseled at the prior proceedings and did not waive

his right to counsel.  To the extent that Finley can be read to

place an affirmative burden on the State to demonstrate representa-

tion or waiver of counsel in the prior cases, even without any

evidence by defendant, we decline to follow it.  The failure of

defendant to make any affirmative statement cannot only be deemed

a waiver of the issue, but may be considered by the trial court as

creating an inference that either defendant was represented by

counsel at the earlier proceedings or he waived representation by

counsel in those proceedings.

          The sixth amendment to the United States Constitution

provides that "[i]n all criminal prosecutions, the accused shall

enjoy the right *** to have the Assistance of Counsel for his

defence."  U.S. Const., amend. VI.  In Gideon v. Wainwright, 372

U.S. 335, 339-45, 9 L. Ed. 2d 799, 802-06, 83 S. Ct. 792, 794-97

(1963), the sixth amendment right to counsel in felony cases was

applied to the states through the fourteenth amendment (U.S.

Const., amend. XIV).  Subsequently, the right to counsel was

extended to misdemeanor cases so that no person may be imprisoned

unless afforded the right to counsel.  Scott v. Illinois, 440 U.S.

367, 373-74, 59 L. Ed. 2d 383, 389, 99 S. Ct. 1158, 1162 (1979);

Argersinger v. Hamlin, 407 U.S. 25, 37, 32 L. Ed. 2d 530, 538, 92

S. Ct. 2006, 2012 (1972).  The Supreme Court has stated a prior

uncounseled felony conviction may not be used to support guilt, and

an uncounseled felony conviction may not be used to enhance a

sentence following a subsequent conviction (Burgett v. Texas, 389

U.S. 109, 115, 19 L. Ed. 2d 319, 325, 88 S. Ct. 258, 262 (1967)),

and subsequent sentences based in part on prior invalid convictions

must be set aside (see United States v. Tucker, 404 U.S. 443, 447-

49, 30 L. Ed. 2d 592, 596-97, 92 S. Ct. 589, 592 (1972)).

          Finley relied on the Supreme Court decision of Baldasar

v. Illinois, 446 U.S. 222, 227-28, 64 L. Ed. 2d 169, 175, 100 S.

Ct. 1585, 1588 (1980), which apparently decided that an uncounseled

misdemeanor conviction could not be used to increase the term of

imprisonment in a subsequent offense.  Finley, 209 Ill. App. 3d at

970, 568 N.E.2d at 413.  However, the Supreme Court has recently

resolved the confusion created by Baldasar and adopted the dissent

in Baldasar, holding that a sentencing court may consider a prior

uncounseled misdemeanor conviction in sentencing for a subsequent

offense even though the prior misdemeanor conviction resulted in a

sentence of imprisonment.  See Nichols v. United States, 511 U.S.

738, 746-47, 128 L. Ed. 2d 745, 754, 114 S. Ct. 1921, 1927 (1994). 

The court reasoned that since sentencing courts may consider

conduct that did not result in conviction, they could surely

consider a prior conviction that must have been proved beyond a

reasonable doubt.  Nichols, 511 U.S. at 747, 128 L. Ed. 2d at 754-

55, 114 S. Ct. at 1928.  Defendant's contention on appeal is not a

bar to the use of the conviction in McLean County case No. 68-5768,

in which defendant only received a $100 fine.

          The key question in this case, however, is how must the

issue be raised.  In Nichols, the defendant argued that the prior

conviction was uncounseled, and the district court agreed. 

Nichols, 511 U.S. at 741, 128 L. Ed. 2d at 750, 114 S. Ct. at 1924. 

In Baldasar, the record of the prior proceeding indicated the

defendant was not represented by counsel and he did not formally

waive the right to counsel.  Baldasar, 446 U.S. at 223, 64 L. Ed.

2d at 172, 100 S. Ct. at 1585.  In Tucker, the fact the prior

convictions were uncounseled was "conclusively determined" in a

collateral proceeding several years after the imposition of the

enhanced sentence.  Tucker, 404 U.S. at 444-45, 30 L. Ed. 2d at

595, 92 S. Ct. at 590.  In Burgett, the certified records of the

prior conviction were contradictory, one saying the defendant was

without counsel and the other silent on that point.  Burgett, 389

U.S. at 112, 19 L. Ed. 2d at 323, 88 S. Ct. at 260.  The Burgett

court stated that the records of the prior conviction "on their

face raise a presumption