970 N.E.2d 506 (2012)
361 Ill. Dec. 140
The PEOPLE ex rel. James W. GLASGOW, Petitioner,
v.
Gerald R. KINNEY, Judge, Respondent.
No. 113197.
Supreme Court of Illinois.
May 24, 2012.
Lisa Madigan, Attorney General, of Springfield (Michael A. Scodro, Solicitor General, Michael M. Glick, Katherine Doersch Saunders, Assistant Attorneys General, of Chicago, of counsel), for petitioner.
Stephanie Speakman, Mokena, Jeffery Tomczak, Joliet, for respondent Michael Drew.

OPINION
Chief Justice KILBRIDE delivered the judgment of the court, with opinion.
¶ 1 Petitioner, James W. Glasgow, State's Attorney of Will County, seeks mandamus against respondent, the Honorable Gerald R. Kinney, judge of the circuit court of Will County. See Ill. Const. 1970, art. VI, § 4(a). The petitioner requests mandamus compelling respondent to: (1) vacate his order granting the motion of defendant, Michael W. Drew, to strike his Bureau County driving while under the influence (DUI) conviction; (2) vacate his sentencing order; (3) deny defendant's motion to "strike"; and (4) sentence *507 defendant in accordance with section 11-501(d)(2)(C) of the Illinois Vehicle Code (625 ILCS 5/11-501(d)(2)(C) (West 2008)), and section 5-4.5-35 of the Unified Code of Corrections (730 ILCS 5/5-4.5-35 (West 2008)). For the following reasons, we award mandamus.

¶ 2 I. BACKGROUND
¶ 3 In August 2009, defendant, Michael W. Drew, was charged by indictment with aggravated DUI (625 ILCS 5/11-501(d)(2)(C) (West 2008)), a nonprobationable Class 2 felony. The indictment alleged that on August 7, 2009, defendant committed DUI and that he had three prior DUI violations: (1) a 1985 Will County DUI; (2) a 1990 Cook County DUI; and (3) a 2000 Bureau County DUI. Defendant pleaded guilty to aggravated DUI as charged in the indictment.
¶ 4 At the plea hearing, defendant was permitted to file a motion in limine seeking to "strike" his 2000 Bureau County conviction. Citing People v. Finley, 209 Ill.App.3d 968, 154 Ill.Dec. 412, 568 N.E.2d 412 (1991), defendant argued that his 2000 Bureau County DUI guilty plea was made without legal counsel and, therefore, could not be used to enhance his sentence to a nonprobationable Class 2 felony. In Finley, the court held that a prior uncounseled misdemeanor conviction could not be used to enhance a current offense. Finley, 209 Ill.App.3d at 973, 154 Ill.Dec. 412, 568 N.E.2d 412. In response, the State argued that Finley was no longer valid because it was based on Baldasar v. Illinois, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980), and Baldasar was overruled in Nichols v. United States, 511 U.S. 738, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994).
¶ 5 Respondent concluded that he was bound to follow Finley, granted defendant's motion in limine, and sentenced him to 48 months of probation. Respondent denied the State's subsequent motion to vacate the sentencing order. The State filed a motion with this court for leave to file a complaint seeking mandamus. Ill. S.Ct. R. 381(a) (eff. Dec. 29, 2009). We allowed the State's motion for leave to file the complaint.

¶ 6 II. ANALYSIS
¶ 7 Before this court, the State contends that respondent erred, as a matter of law, in barring the use of defendant's Bureau County misdemeanor DUI conviction, and it seeks mandamus relief from this court. Article VI, section 4(a), of the Illinois Constitution confers discretionary original jurisdiction upon this court to hear mandamus cases. Ill. Const. 1970, art. VI, § 4(a). "Mandamus is an extraordinary remedy used to compel a public official to perform a purely ministerial duty where no exercise of discretion is involved." People ex rel. Alvarez v. Skryd, 241 Ill.2d 34, 38, 348 Ill.Dec. 384, 944 N.E.2d 337 (2011). This court will award mandamus only when "the petitioner establishes a clear right to the relief requested, a clear duty of the public official to act, and clear authority in the public official to comply." Alvarez, 241 Ill.2d at 39, 348 Ill.Dec. 384, 944 N.E.2d 337.
¶ 8 Section 11-501(d)(2)(C) of the Illinois Vehicle Code (625 ILCS 5/11-501(d)(2)(C) (West 2008)) prohibits a court from imposing a probationary sentence for an offender who has three prior DUI violations. Section 11-501(d)(2)(C) provides, in relevant part:
"A fourth violation of this Section or a similar provision is a Class 2 felony, for which a sentence of probation or conditional discharge may not be imposed." 625 ILCS 5/11-501(d)(2)(C) (West 2008).
¶ 9 In this case, respondent believed that, under Finley, defendant's uncounseled Bureau County misdemeanor DUI conviction could not be used to enhance his *508 current offense to a nonprobationable Class 2 felony. In Finley, the appellate court held that the use of a defendant's prior uncounseled DUI conviction to enhance his current DUI offense is prohibited by Baldasar. Although Baldasar was overruled in Nichols, the respondent concluded he was bound to follow Finley. The respondent believed he was bound to follow Finley because Finley was never expressly overruled.
¶ 10 Our decision is instructed by the law surrounding this issue. In Scott v. Illinois, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979), the United States Supreme Court held that a defendant charged with a misdemeanor has no constitutional right to counsel when no sentence of imprisonment is imposed. A year after the Scott decision, a majority of the Court held in Baldasar that a prior uncounseled misdemeanor conviction, while constitutional under Scott, could not be collaterally used to convert a subsequent misdemeanor conviction into a felony under the applicable Illinois sentencing enhancement statute. Baldasar, 446 U.S. at 224, 227-28, 100 S.Ct. 1585. Baldasar was a per curiam opinion that provided no single rationale for its result, instead referring to three different concurring opinions to support its judgment. Subsequently, in Nichols, the Supreme Court continued its adherence to Scott, but overruled Baldasar and, instead, adopted the Baldasar dissent, holding that an uncounseled conviction that is valid under Scott may be relied upon to enhance the sentence for a subsequent offense. Nichols, 511 U.S. at 746-48, 114 S.Ct. 1921. The Nichols court reasoned:
"Enhancement statutes, whether in the nature of criminal history provisions * * * or recidivist statutes that are commonplace in state criminal laws, do not change the penalty imposed for the earlier conviction." Nichols, 511 U.S. at 747, 114 S.Ct. 1921.
¶ 11 Defendant contends that Nichols is inapplicable here because it only addressed enhanced sentences and did not address whether a prior uncounseled conviction could be used to support a sentence of mandatory imprisonment. We disagree.
¶ 12 Nichols drew no distinction between enhancements that lengthen a term of imprisonment and enhancements that result in a mandatory term of imprisonment. To the contrary, Nichols held that "an uncounseled conviction valid under Scott may be relied upon to enhance the sentence for a subsequent offense, even though that sentence entails imprisonment." (Emphasis added.) Nichols, 511 U.S. at 746-47, 114 S.Ct. 1921. Nichols recognized that enhancement statutes, or "recidivist statutes that are commonplace in state criminal laws, do not change the penalty imposed for the earlier conviction." Nichols, 511 U.S. at 747, 114 S.Ct. 1921. In fact, the Supreme Court "consistently has sustained repeat-offender laws as penalizing only the last offense committed by the defendant." (Internal quotation marks omitted.) Nichols, 511 U.S. at 747, 114 S.Ct. 1921.
¶ 13 Nichols plainly held that "an uncounseled misdemeanor conviction, valid under Scott because no prison term was imposed, is also valid when used to enhance punishment at a subsequent conviction." Nichols, 511 U.S. at 749, 114 S.Ct. 1921. Section 11-501(d)(2)(C) is precisely the type of recidivist statute contemplated by the Nichols decision, providing enhanced sentences for repeat offenders. We therefore reject defendant's argument that Nichols did not address whether a prior uncounseled conviction could be used to support a sentence of mandatory imprisonment.
¶ 14 In accordance with Nichols, we conclude that a valid uncounseled misdemeanor conviction is also valid when used to enhance punishment in a subsequent conviction. *509 Finley's holding was based entirely on Baldasar, and Baldasar was expressly overruled by Nichols. Thus, we overrule Finley.

¶ 15 III. CONCLUSION
¶ 16 For the foregoing reasons, we award mandamus and order respondent to: (1) vacate his order granting the motion of defendant, Michael W. Drew, to "strike" his Bureau County DUI conviction; (2) vacate his sentencing order; (3) deny defendant's motion to strike; and (4) sentence defendant in accordance with section 11-501(d)(2)(C) of the Illinois Vehicle Code (625 ILCS 5/11-501(d)(2)(C) (West 2008)) and section 5-4.5-35 of the Unified Code of Corrections (730 ILCS 5/5-4.5-35 (West 2008)).
¶ 17 Judgment of mandamus awarded.
Justices FREEMAN, THOMAS, GARMAN, KARMEIER, BURKE, and THEIS concurred in the judgment and opinion.