THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
CRAIG MITRAN, Defendant-Appellant.

Second District   No. 2—88—0586

Opinion filed February 15, 1990.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, and Robert Agostinelli and Mark D. Fisher, both of State Appellate Defender's Office, of Ottawa, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers, John X. Breslin, and Vicki L. Seidl, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GEIGER delivered the opinion of the court:

The defendant, Craig Mitran, was charged on January 23, 1987, with aggravated assault, resisting a peace officer, and unlawful possession of cannabis. On May 12, 1988, a jury found the defendant guilty on all three counts, and he was sentenced to one-year's probation, 60 days in the county jail, and a $300 fine. The defendant argues that the trial court erred (1) by denying his motion to quash his arrest alleging an illegal entry by the police, (2) by denying his motion to suppress cannabis found in the apartment, (3) by allowing his conviction for aggravated assault to stand, and (4) by allowing inadmissible hearsay testimony at trial.

The complaint alleged that the defendant committed an aggravated assault by placing Officer Michael Hutchens in reasonable apprehension of receiving a battery when the defendant reached for a .357 revolver. It further alleged that the defendant resisted a peace officer when the defendant pushed and shoved Officer Hutchens and resisted Officer Hutchens in the execution of his official duties, and that the defendant unlawfully possessed more than 2.5 but less than 10 grams of a substance containing cannabis.

Prior to trial, the defendant filed a motion to quash his arrest and suppress evidence, arguing that the police violated his fourth amendment rights by forcibly entering his apartment without a search or arrest warrant and without probable cause. At the hearing on that motion, the defendant testified that the police arrested him at

approximately 1 a.m. on January 23, 1987, after they entered his apartment without a warrant and without his consent. He claimed that he asked to see a warrant and repeatedly asked the officers to leave, but they refused.

Officers James Maly and Michael Hutchens testified that they responded to a domestic disturbance call at the defendant's apartment. Officer Maly arrived at the apartment first and could hear a man and woman arguing inside the apartment, but nothing he heard lead him to believe that he should break down the door and enter the apartment. Shortly after Officer Maly arrived, he was joined by Officer Hutchens and Sergeant Reinhart. They knocked on the defendant's door and announced themselves. The defendant opened the door about 8 to 12 inches, and the officers asked the defendant if there was a problem. He answered that there was no trouble. The officers stated that they wanted to speak to the lady in the apartment to make sure that she was all right.

Officer Maly testified that the defendant turned away and ran back into the apartment and that the officers then pushed the door open for "safety reasons" and entered the apartment. Officer Hutchens testified that the defendant walked quickly toward a chair in the middle of the living room and then stated that the officers had no right to come into his apartment.

Once inside the apartment, the officers saw a gun butt protruding from a seat cushion located on a chair in the middle of the room. Neither officer saw the gun when they first opened the door. The officers testified that they saw the defendant heading toward the chair where the gun was located. Officer Hutchens intercepted the defendant, and Officer Maly pushed the defendant against the wall. The defendant struggled with Officer Maly and became uncooperative and belligerent.

The trial court denied the motions to quash and suppress, and the case proceeded to trial. At trial, Officer Maly gave testimony similar to that at the pretrial suppression hearing. He added, however, that after arresting the defendant, he and Officer Hutchens searched the apartment and found 4.82 grams of cannabis in open, opaque film canisters located on the kitchen table.

Officer Hutchens testified over objection. He stated that he had spoken with the defendant's cohabitant, Linda Kulakowski, who told him that the defendant had been drinking vodka and smoking marijuana.

The defendant testified that he and Kulakowski had had an argument which lasted approximately 15 to 20 minutes. He answered the

door after hearing the officers' knock. The officers asked to speak to the lady of the house, and Kulakowski came to the door and talked to the officers. The defendant testified that he turned around, and the officers pushed the door open and attacked him and knocked him to the ground. He denied using alcohol or drugs.

The jury returned guilty verdicts against the defendant on all counts. Following the trial, the defendant filed a post-trial motion claiming that the State did not prove him guilty beyond a reasonable doubt, and that the trial court erred in denying the motion to quash the arrest and suppress evidence. The trial court denied the post-trial motions.

The defendant first argues that the trial court erred in denying his motion to quash the arrest and suppress the evidence because the police officers illegally entered his apartment. The State contends that the officers properly entered the apartment without a warrant since exigent circumstances existed.

■ Absent exigent circumstances or probable cause, warrantless felony arrests in the home are prohibited by the fourth amendment of the United States Constitution. (U.S. Const., amend. IV; see *Payton v. New York* (1980), 445 U.S. 573, 63 L. Ed. 2d 639, 100 S. Ct. 1371.) The fourth amendment, however, "does not bar police officers from making warrantless entries and searches when they 'reasonably believe that a person within is in need of immediate aid.' " *People v. Koniecki* (1985), 135 Ill. App. 3d 394, 398, quoting *Mincey v. Arizona* (1978), 437 U.S. 385, 392, 57 L. Ed. 2d 290, 300, 98 S. Ct. 2408, 2413.

Illinois has adopted the "exigent circumstances" exception allowing certain warrantless arrests and searches made on private property. (*People v. Abney* (1980), 81 Ill. 2d 159, 163.) Under this exception, the reasonableness of the officers' belief that an emergency situation exists is determined by the totality of all circumstances known to the officers at the time of the entry. *People v. Meddows* (1981), 100 Ill. App. 3d 576, 580.

Here, the officers testified that, when they approached the defendant's apartment after being alerted to a domestic altercation, they could hear male and female voices raised in argument. After the defendant answered the door and told the officers that there were no problems, the officers asked to speak to Kulakowski. The defendant stated that the officers spoke to Kulakowski; however, Officer Maly testified that after he asked to speak with Kulakowski, the defendant turned away and ran back into the apartment.

■ The trial court, after hearing the testimony at the hearing on

the motion, determined that the officers' reasons for entering the apartment were to see if Kulakowski needed assistance, and that the defendant made a quick movement towards the gun. The trial court found that those reasons justified entering and searching the premises without a warrant. Whether an officer reasonably believed that an emergency existed is a question of fact to be determined by the trial court. (*People v. Elders* (1978), 63 Ill. App. 3d 554, 557.) The trial court is to determine the credibility of the witnesses, the weight given their testimony, and any inferences to be drawn from the evidence. (*People v. Akis* (1976), 63 Ill. 2d 296, 298.) The trial court's determination on the motion to quash or suppress will not be overturned unless it is manifestly erroneous. *People v. Holloway* (1981), 86 Ill. 2d 78, 91; *People v. Williams* (1974), 57 Ill. 2d 239, 246, *cert. denied* (1974), 419 U.S. 1026, 42 L. Ed. 2d 302, 95 S. Ct. 506.

■ The officers testified that they asked to see if Kulakowski was all right, yet the defendant denied the officers access to her. Based on that testimony, the trial court could properly conclude that exigent circumstances existed which justified the officers' entry.

The defendant next argues that, even if the officers had authority to push the door open and enter the apartment, the cannabis which they later found should be suppressed because it was discovered incident to an illegal search. The officers arrested the defendant in his living room, yet the officers discovered the cannabis in the kitchen.

■ The State first contends that the defendant has waived this issue on appeal by failing to specifically allege that error in his post-trial motion. (See *People v. Wade* (1989), 131 Ill. 2d 370, 375; *People v. Enoch* (1988), 122 Ill. 2d 176, 186-87.) We find the defendant sufficiently preserved the issue by the renewal of his motion to suppress in paragraph 11 of his post-trial motion, which included the issue of whether the cannabis was illegally seized.

The State next argues that the defendant waived the issue of the suppression of the cannabis by failing to present evidence on that issue during the pretrial suppression hearing. However, a trial judge may consider and rule upon a motion to suppress evidence during trial (*People v. Flatt* (1980), 82 Ill. 2d 250, 255), and, in this case, the trial judge did consider and rule upon the defendant's motion at trial.

The State finally argues that the defendant waived the issue of the suppression of the cannabis on appeal because the filing of the motion to suppress was untimely. The State relies on the case of *People v. Malaszenko* (1979), 76 Ill. App. 3d 1. In *Malaszenko*, the defendant filed a pretrial motion to suppress evidence which the trial court denied. Before trial, but after four jurors had been selected, the

defendant made a "supplemental" motion to suppress evidence. The trial court denied that motion as untimely and did not allow a hearing.

In the present case, the trial court in the exercise of its discretion heard the defendant's "supplemental" motion to suppress. The trial court may, in its discretion, allow the late filing of a motion to suppress. (See *Flatt*, 82 Ill. 2d at 255.) Since the trial court allowed the filing of what would otherwise have been a late motion, the defendant's motion was timely.

■ The defendant next argues that the officers' search and ultimate discovery of cannabis in the film canisters were illegal because the officers did not discover the cannabis incident to his arrest. It is well settled that an officer may search a suspect and the area in the suspect's immediate control if the search is conducted incident to a lawful arrest. See, *e.g.*, *People v. Winters* (1983), 97 Ill. 2d 151, 162, citing *Chimel v. California* (1969), 395 U.S. 752, 23 L. Ed. 2d 685, 89 S. Ct. 2034.

The State argues that the officers' search and seizure were conducted in the area of the defendant's immediate control. The defendant's living room and kitchen were not separated. Moreover, Officer Maly testified that, upon entering the defendant's residence, he was next to the table on which the cannabis was found. Officer Maly testified at trial that after the officers handcuffed and transported the defendant to the police department for booking procedures, the officers searched the apartment and discovered the cannabis. Officer Hutchens, however, testified that he searched the area around the kitchen and found the film canisters containing the cannabis while the defendant was in the apartment. Although the film canisters were opaque, he testified that the canisters were open and, therefore, the cannabis was in plain view.

■ The trial court found that the officers searched the areas in the immediate control of the defendant incident to his arrest and that the search was reasonable. Since there is evidence in the record to support the trial court's finding that the search was incident to the defendant's arrest, this court will not disturb the trial court's decision to deny the defendant's motion to suppress the cannabis.

■ The defendant next claims the trial court erred in allowing Officer Hutchens' testimony that Kulakowski stated that the defendant had smoked marijuana and drank vodka. Hearsay is testimony of an out-of-court statement offered to establish the truth of the matter asserted therein. *People v. Rogers* (1980), 81 Ill. 2d 571, 577.

Officer Hutchens' testimony clearly was hearsay and as such

should not have been admitted. Since Kulakowski did not testify during the defendant's trial, Officer Hutchens' testimony that Kulakowski allegedly stated that the defendant smoked the marijuana and drank vodka is inadmissible. The only purpose that the introduction of the hearsay testimony that the defendant smoked marijuana could serve was to convince the jury that the defendant must be guilty of possessing the marijuana he allegedly had smoked.

The State argues that the statement is not hearsay because it reflects an investigatory procedure entirely within the personal knowledge of the officer. (See *People v. Young* (1983), 115 Ill. App. 3d 455.) We disagree. Under this exception, the officer's testimony must be limited to show how the investigation was conducted. His testimony cannot be used to place into evidence the substance of any out-of-court statements or conversations for the purpose of establishing the truth of their contents.

Officer Hutchens testified that Kulakowski told him that the defendant smoked marijuana and drank vodka. No attempt was made to limit the use of that testimony by the jury. Given the conflicts in the testimony in this case, the issue of credibility was crucial. The defendant denied the possession of the cannabis found in the apartment; therefore, his veracity is brought into issue. (*People v. Sexton* (1987), 162 Ill. App. 3d 607.) By the introduction of the improper hearsay testimony, the jury was asked to contrast the defendant's denial in court against the out-of-court statements of Kulakowski as related by Officer Hutchens. Since we cannot gauge the extent to which the jury was influenced by the inadmissible hearsay testimony, the conviction of the defendant must be reversed.

Following our finding of reversible error and in keeping with the mandate of *People v. Taylor* (1979), 76 Ill. 2d 289, we have reviewed the evidence and find that, if believed by the jury, it was sufficient to support the conclusion that the defendant was guilty beyond a reasonable doubt. This finding does not constitute any implication as to defendant's guilt or innocence and is intended only to protect defendant from the risk of double jeopardy.

Reversed and remanded.

UNVERZAGT, P.J., and DUNN, J., concur.