THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
GREGORY P. CRADDOCK, Defendant-Appellant.

Fourth District   No. 4—90—0318

Opinion filed March 21, 1991.

Daniel D. Yuhas and Lawrence J. Essig, both of State Appellate Defender's Office, of Springfield, for appellant.

Donald D. Bernardi, State's Attorney, of Pontiac (Kenneth R. Boyle, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GREEN delivered the opinion of the court:

Defendant Gregory Craddock was charged by indictment with unlawful possession and delivery of cocaine in violation of section 404 of the Illinois Controlled Substances Act (Act) (Ill. Rev. Stat. 1987, ch. 56½, pars. 1404(b),(c)). After a jury trial, defendant was convicted on both charges. Judgment was entered only on the delivery conviction. Defendant was sentenced to a term of four years' imprisonment.

Defendant appeals, contending (1) the admission of a hearsay conversation between an informer and a police officer was reversible error; (2) the admission of police officer testimony as to manner of identification of drug dealers was error; (3) the prosecutor improperly argued the contents of a police report not admitted into evidence and that the jury was getting "snowed" by the defense; and (4) this court should reconsider the rule that defendant must first admit to commission of the offense before raising an entrapment defense. For the reasons below, we affirm.

At trial, Sharon Sweeney, an undercover narcotics agent, testified as follows. On May 9, 1989, she entered Ron's Tap in Pontiac, Illinois, accompanied by informants Fred and Sarah Haas. Seated at the bar was defendant Gregory Craddock, whom Sweeney recognized from previous occasions at the same tavern. Fred Haas approached the defendant and had a conversation. Sweeney then approached the defendant, and he asked if she wanted to purchase a gram of cocaine for $100. The defendant then delivered a clear plastic bag containing white powder to Sweeney in exchange for $100. A field test and subsequent laboratory analysis established that the white powder contained cocaine.

The State called Lieutenant Ryan, who testified that an undercover drug investigation called "Operation Alert" was conducted during 1988 and 1989 in Livingston County, Illinois. He described general procedures employed by law enforcement officials in targeting an area for a narcotics investigation and stated that Fred and Sarah Haas were used as confidential sources in the Operation Alert investigation.

Over defense objection, Sweeney testified that following his conversation with defendant at the bar, Haas told her "Kook has some cocaine and, you know, how much did I want." She also testified that

following a drug investigation she generally prepares reports containing times, dates, places, and names.

Defendant denied participation in any drug transaction with Sweeney, but stated that he recalled seeing Sweeney with the Haases on the date in question, based on police reports he had read.

During rebuttal argument, the prosecutor argued that Sweeney had prepared a police report containing names, dates, and times, and if her testimony had differed from anything in the report the defense would have objected. The prosecutor then argued that if the jury believed the testimony of defendant and disbelieved Sweeney, it was getting "snowed."

Defendant argues that Sweeney's testimony as to what Fred Haas told her was improperly admitted hearsay and this error mandates reversal because it bolstered Sweeney's credibility and prejudiced the jury. The State contends that Sweeney's statement that Haas told her defendant had cocaine was not hearsay because it was offered, not for its truth, but to explain investigatory procedure, *i.e.*, why Sweeney approached defendant. We disagree.

██ ■ Courts have recognized that police may testify to the fact that a conversation was held with a nontestifying witness for the purpose of explaining police procedure or why the police acted as they did, but that testimony as to the content or substance of that conversation is improper hearsay. (*People v. Gacho* (1988), 122 Ill. 2d 221, 522 N.E.2d 1146, *cert. denied* (1988), 488 U.S. 910, 102 L. Ed. 2d 252, 109 S. Ct. 264; *People v. Johnson* (1990), 202 Ill. App. 3d 417, 559 N.E.2d 1041; *People v. Mitran* (1990), 194 Ill. App. 3d 344, 550 N.E.2d 1258.) Sweeney's recitation of the words informant Haas said to her regarding defendant's possession of cocaine clearly was hearsay offered for its truth and its admission error. The question remains whether this error mandates reversal.

██ ■ The test for reversible error is whether there are reasonable grounds for believing the hearsay statement prejudiced the jury and constituted a material factor in defendant's conviction. (*People v. Whitlow* (1982), 89 Ill. 2d 322, 433 N.E.2d 629.) In this instance, due to the proximity in time and location between the informant's statements to Sweeney and her response in approaching defendant with the resultant immediate cocaine transaction, as well as Sweeney's unequivocal identification of defendant, there is no reasonable likelihood the jury's verdict would have been different had the hearsay statement been excluded. Additionally, the court gave the jury an instruction limiting use of the testimony to show that Sweeney was told such a conversation took place and not to show the statement made was

true or that the conversation actually did take place. The prosecutor made no further reference to the statement during closing argument.

■ Defendant next argues that Lieutenant Ryan's testimony as to how drug users and drug dealers are identified was irrelevant because the identification profile was never tied to defendant but instead allowed the jury to speculate that some source had named defendant as engaged in drug activity. Evidence is relevant when it tends to prove or disprove a disputed fact or render the matter in issue more or less probable. (*People v. Bradley* (1988), 172 Ill. App. 3d 545, 551, 526 N.E.2d 916, 921.) A determination as to whether evidence is relevant is a matter for the sound discretion of the trial court (*People v. Jones* (1982), 108 Ill. App. 3d 880, 439 N.E.2d 1011), and its decision will not be reversed absent an abuse of discretion resulting in prejudice to the defendant. *People v. Miller* (1981), 98 Ill. App. 3d 453, 424 N.E.2d 624.

■ The trial court found Lieutenant Ryan's testimony relevant in explanation of why an undercover narcotics agent would be present in Ron's Tap and why drug sales were anticipated from that location. Defendant's allegation that the State submitted a drug-dealer profile is inapt. No itemization of physical or behavioral characteristics was presented. Ryan stated that drug dealers are identified: "Through intelligence derived from confidential sources, police officers, other dealers, possessors you come in contact with through the course of an investigation." Testimony that agents are gathering intelligence through sources in an ongoing drug investigation does not engender speculation that defendant is the focus of that investigation or has engaged in drug activities. There was no evidence that "Operation Alert" focused on defendant prior to the transaction with Sweeney on May 9. This was made explicit by Sweeney's testimony that her presence in Ron's Tap on May 9, 1989, was not instigated by an investigatory focus on any specific individual. For these reasons, we conclude Ryan's testimony created neither a drug-dealer profile nor jury speculation that the investigation focused on defendant. Further, we cannot say the court abused its discretion in determining the testimony was relevant to explaining Sweeney's presence in Ron's Tap.

■ We note further the State argues that Lieutenant Ryan's testimony has additional independent relevance to an anticipated entrapment defense disclosed by defendant during pretrial discovery. Defendant argues this was an improper attempt at establishing defendant's predisposition to engage in drug-related activity when no entrapment defense had been put forth at trial. A review of the evidence makes clear that Lieutenant Ryan's testimony was properly

limited to the general procedures of "Operation Alert" and lacked specific focus or application to defendant. On these facts, we find no predisposition evidence was presented.

Defendant next argues that the prosecutor's reference to the times, dates, and names in Sweeney's report was an argument as to the content of the police report not admitted into evidence, and his comments that if the jury disbelieved Sweeney it was getting "snowed," were improper and prejudiced the jury by bolstering Sweeney's credibility.

Clearly, Sweeney's testimony was confined to general procedures in compiling reports. She did not testify that she prepared a report for the date in question. Defendant himself first referred to the existence of a police report by his testimony that he remembered the date and time he saw Sweeney in Ron's Tap from reading the report. Additionally, defense counsel argued the content of the report as to time and date during closing argument.

■■ ■ We find that the prosecutor's rebuttal argument noting the consistency of Sweeney's report with her trial testimony was invited by defendant's testimony that he had read the police report, as well as defense counsel's closing argument referring to the times and dates in Sweeney's report. (See *People v. Bragg* (1984), 126 Ill. App. 3d 826, 467 N.E.2d 1004.) Defendant argues that prosecutorial comment that the jury was getting "snowed" if it disbelieved Sweeney's testimony served to mislead and inflame the jury. However, this court has previously noted that such colloquial comments are a permissible response when, as here, defendant importunes jury disbelief of a witness' motive and testimony. (*People v. Lindgren* (1982), 111 Ill. App. 3d 112, 121, 443 N.E.2d 1129, 1136.) The prosecutor's comments were a permissible response to defense insinuations that law enforcement officials can lie to support an institutional need to convict and that no one is safe if guilt is based exclusively on official accusation. See *People v. Moore* (1979), 71 Ill. App. 3d 451, 389 N.E.2d 944.

■■ The State presented a motion *in limine* requesting that defendant be precluded from raising the defense of entrapment through questioning of the State's witnesses during its case in chief. The court indicated it could not pass on the motion at that time but would rule when and if any questions improperly raising an entrapment defense were presented. No evidence of entrapment was put forth, no objections to the questioning of witnesses regarding issues of entrapment were made and defendant neither claimed entrapment at trial nor requested jury instructions on the defense. Under these facts and circumstances, we find no issues have been raised which re-

quire an application of the well-established rule denying a jury instruction on entrapment to a defendant denying commission of the offense, recently reaffirmed by the supreme court in *People v. Gillespie* (1990), 136 Ill. 2d 496, 557 N.E.2d 894. We, therefore, decline defendant's request to reexamine that holding for alleged conflicts with the supreme court's subsequent holding in *People v. Everette* (1990), 141 Ill. 2d 147, which held that a defendant in a homicide case is entitled to a jury instruction on self-defense if it is supported by the evidence, even though the defendant claimed accidental homicide.

For the foregoing reasons, we affirm the decision of the Livingston County circuit court.

Affirmed.

SPITZ and KNECHT, JJ., concur.