THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIAM AGEE, Defendant-Appellant.

First District (6th Division)    No. 1—97—2397

Opinion filed September 30, 1999.

Michael J. Pelletier and Patricia Mysza, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, William

Toffenetti, and Brendan Nelligan, Assistant State's Attorneys, of counsel), for the People.

JUSTICE O'BRIEN delivered the opinion of the court:

A jury convicted defendant, William Agee, of unlawful use of a weapon in violation of section 24—1(a)(4) of the Criminal Code of 1961 (720 ILCS 5/24—1(a)(4) (West 1998)). The trial court sentenced defendant to three years in prison. Defendant appeals, contending: (1) the trial court erred by admitting irrelevant, prejudicial evidence unrelated to the offense of unlawful use of a weapon; and (2) Public Act 88—680 (Pub. Act 88—680, eff. January 1, 1995), which upgraded a conviction for unlawful use of a weapon under section 24—1(a)(4) from a Class A misdemeanor to a Class 4 felony, violates the Illinois Constitution's single subject rule (Ill. Const. 1970, art. IV, § 8(d)). We reverse and remand for a new trial.

At trial, Officer Bruno testified that on April 20, 1997, he and his partner pulled up to 1662 School Street in their unmarked car and saw defendant and another man standing on the sidewalk. Officer Bruno saw the two men make a "hand to hand transaction" with each other, meaning that one of the men handed the other man an unknown item. Both men turned and approached Officer Bruno's car. Defendant looked inside the car and then turned and walked away.

Officer Bruno exited the car, announced he was a police officer, and ran after defendant. Officer Bruno saw defendant throw a dark object in some bushes alongside a house on 1662 School Street. Defendant then dropped to the ground, and Officer Bruno handcuffed him.

Officer Bruno searched the bushes where the object had been thrown and found a loaded, semi-automatic pistol. Defendant asked Bruno several times to test the gun for fingerprints, but the gun was never submitted for fingerprint testing.

Defendant testified that sometime after 3 a.m. on April 20, 1997, he was walking to his mother's home on School Street. He was not carrying a gun. A neighbor stopped him and asked him why he was out so late. As they were talking, a gray car pulled up and stopped in the middle of the street. Two policemen dressed in black camouflage uniforms jumped out of the car and told them to "get down." Defendant lay on the ground. Officer Bruno searched defendant, then told the other officer that he did not have anything on him. Officer Bruno handcuffed defendant and picked him up off the ground.

Defendant testified that Officer Bruno walked over to the porch of a nearby house. A few minutes later, defendant heard Officer Bruno say "look what I found." The officer then walked toward defendant, pointed a gun at him, and said "This is your gun." Defendant told Of-

ficer Bruno that the gun did not belong to him, and he asked that the gun be fingerprinted. The officers took defendant to the police station.

The jury convicted defendant of unlawful use of a weapon and the trial court sentenced him to three years' imprisonment. Defendant filed this timely appeal.

■ First, defendant argues the trial court erred in admitting irrelevant testimony by Officer Bruno unrelated to the charge of unlawful use of a weapon. The State counters that defendant waived this issue by failing to object at trial. See *People v. Enoch*, 122 Ill. 2d 176, 186 (1988). However, we choose to address the issue under the plain error rule (134 Ill. 2d R. 615(a)), as the evidence is closely balanced, hinging on a determination as to whether Officer Bruno or defendant is more credible. See *People v. Keene*, 169 Ill. 2d 1, 18 (1995) (the plain error rule may be invoked where the error affected substantial rights or the evidence in the case is closely balanced).

■ Evidence is relevant when it tends to prove or disprove a disputed fact or render the matter in issue more or less probable. *People v. Cruzado*, 299 Ill. App. 3d 131, 141 (1998). The determination as to whether evidence is relevant is a matter for the sound discretion of the trial court, which the reviewing court will not reverse absent an abuse of discretion. *People v. Howard*, 305 Ill. App. 3d 300, 310 (1999).

In the present case, Officer Bruno began his testimony by stating that he is assigned to a special operations unit concentrating on narcotics and gang weapons activity. Officer Bruno testified he was familiar with 1662 School Street, the area where he arrested defendant, because it is a "high narcotic activity area." He described conducting surveillance in that area by dressing in camouflage fatigues, hiding in bushes, and observing narcotics trafficking. It was only after testifying about narcotics trafficking that Officer Bruno testified to the issue at trial, *i.e.*, defendant's unlawful use of a weapon.

■ Officer Bruno's testimony about narcotics was not relevant to the charge against defendant, unlawful use of a weapon. Rather, Officer Bruno's testimony implied that defendant had engaged in an uncharged offense, narcotics trafficking. Evidence of crimes for which defendant is not on trial is inadmissible if relevant merely to establish defendant's propensity to commit crimes. *People v. Illgen*, 145 Ill. 2d 353, 364 (1991). The rationale is that such evidence overpersuades the jury, which is likely to convict defendant because it feels he is a bad person deserving punishment, rather than on the basis of facts related to the offense on trial. *People v. McCray*, 273 Ill. App. 3d 396, 400 (1995).

■ The State argues that Officer Bruno's testimony was relevant to provide the necessary context for Officer Bruno's presence in the

area and to refute defendant's theory that he was the victim of a racist conspiracy to frame him for unlawful use of a weapon. We disagree, as the State fails to explain how Officer Bruno's testimony regarding narcotics activity in the area surrounding 1662 School Street refutes defendant's theory that the officers framed him for unlawful use of a weapon. Further, in *McCray*, we addressed whether there is an exception to the general rule barring other crimes evidence when the evidence is offered, as here, to provide a narrative of events leading up to defendant's arrest. We held that unless there is some relevant purpose to the evidence, connecting defendant to the offense he is being tried for, there is no such exception. *McCray*, 273 Ill. App. 3d at 401. See also *People v. Richardson*, 123 Ill. 2d 322, 342 (1988) (holding that evidence showing how the investigation unfolded and defendant came into custody was not admissible because it was irrelevant to prove defendant's commission of the crimes in issue); *People v. Lewis*, 165 Ill. 2d 305, 346 (1995) ("[E]vidence of other crimes is not admissible merely to show how the investigation unfolded *unless* such evidence is also relevant to specifically connect the defendant with the crimes for which he is being tried. [Citations.]" (Emphasis in original.)). In the present case, Officer Bruno's testimony concerning narcotics activity at 1662 School Street was not relevant as it did not connect defendant to the offense for which he was being tried. The trial court abused its discretion in admitting said testimony.

*People v. Craddock*, 210 Ill. App. 3d 791 (1991), cited by the State, does not compel a different result. Craddock was charged with unlawful possession and delivery of cocaine. *Craddock*, 210 Ill. App. 3d at 793. At trial, the State called Sharon Sweeney, an undercover narcotics agent, who testified she entered a tavern in Pontiac, Illinois, accompanied by two informants. *Craddock*, 210 Ill. App. 3d at 793. One of the informants spoke with Craddock, after which Sweeney approached Craddock and he asked if she wanted to purchase a gram of cocaine for $100. *Craddock*, 210 Ill. App. 3d at 793. Sweeney testified that Craddock then gave her a clear plastic bag containing cocaine in exchange for $100. *Craddock*, 210 Ill. App. 3d at 793. The State also called Lieutenant Ryan, who described the procedures used in targeting an area for a narcotics investigation. *Craddock*, 210 Ill. App. 3d at 793.

On appeal, Craddock argued that Lieutenant Ryan's testimony was irrelevant. *Craddock*, 210 Ill. App. 3d at 795. The appellate court disagreed, holding that the testimony was relevant to explain Sweeney's presence in the tavern. *Craddock*, 210 Ill. App. 3d at 795. In the present case, the State argues that, like *Craddock*, Officer Bruno's testimony about narcotics activity near 1662 School Street was

relevant to explain his presence in the area. We disagree. Unlike the present case, Lieutenant Ryan's testimony about narcotics investigations helped connect Craddock to the offense for which he was being charged, possession and delivery of cocaine. By contrast, Officer Bruno's testimony about narcotics in no way connected defendant with the offense for which he was charged, unlawful use of a weapon. Thus, *People v. Craddock* is inapposite.

The State also argues that Officer Bruno's testimony was harmless. We disagree. As discussed above, this case was closely balanced with the outcome depending on whether the jury found Officer Bruno or defendant more credible. A reasonable possibility exists that the improper testimony implying defendant's involvement in narcotics trafficking damaged his credibility and contributed to his conviction. Accordingly, we cannot say the admission of the testimony was harmless. Therefore, we reverse and remand for a new trial.

As a result of our disposition of this case, we need not address defendant's other arguments on appeal.

Finally, we have reviewed the evidence at trial and find it was sufficient for a trier of fact to conclude that defendant was guilty beyond a reasonable doubt. We are not making a determination of guilt or innocence that is binding on retrial. Rather, our consideration of the sufficiency of the evidence removes the risk that defendant would be subject to double jeopardy. *People v. Taylor*, 76 Ill. 2d 289, 309-10 (1979).

Reversed and remanded.

TULLY and GALLAGHER, JJ., concur.